JOHN HILL *vs.* PHILEMON HILL.

A parol license to enter upon land "at any and all times" and cut and carry away growing wood, must be acted upon within a reasonable time, and if not acted upon within a period of more than three years, may be revoked.

CONTRACT. The declaration contained two counts. The first alleged in substance that the plaintiff conveyed by deed certain real estate to the defendant, for the sum of $1,000, and that the defendant owed the plaintiff $600, the balance due of that sum. The second in substance alleged that the plaintiff and defendant owned a farm in common, which they agreed to divide; that the plaintiff was to have all the wood, timber and trees on a portion of it, with a right to cut and take them away; that the parties mutually made conveyances, the plaintiff attempting to reserve in the conveyance made by him the wood and timber as agreed upon; that the attempted reservation was invalid, and that the defendant in violation of his agreement prevented him from taking the wood, timber and trees.

In the Superior Court the case was submitted upon an agreed statement of facts, from which it appeared, that April 22, 1865, John Hill, Sen., who then owned a farm in Charlton, conveyed it to his two sons, the plaintiff and the defendant in this suit; that they entered into possession and occupied it in common till May

5, 1865, when they made partition between them by quitclaim deeds; that the defendant released his right in a part of the farm to the plaintiff, and the plaintiff released his right in the remainder to the defendant, making the following reservation : " Said grantor, John Hill, Jr., reserves for his own use all the wood, timber and trees now standing and being on " a certain part of the land conveyed, described by metes and bounds, " containing eight acres, more or less, with the right and privilege for the grantor, his heirs and assigns, to enter on said premises at any and all times, to cut and take away said wood and timber, with the privilege of crossing over the land of the grantee for that purpose ; " that this reservation was made as a part of the consideration of the release from the plaintiff to the defendant and in order to make the division equal ; that each entered into and continued in the possession of the premises released to him ; that soon after May 5, the defendant asked the plaintiff when he was going to cut and remove the wood, timber and trees ; that the plaintiff replied that he should do it when he got ready, and that he had a right to have it stand and remain there as long as he pleased.

It further appeared that the plaintiff never did cut any of the wood, timber or trees, but suffered them to remain till about June 22, 1868, when the defendant gave him a notice in writing, forbidding him from entering for the purpose of cutting or removing them ; that February 5, 1870, the plaintiff sold the wood, timber and trees to Horace Cutting, Jr., for $600, and gave him a written bill of sale ; that Cutting paid $300 in money, and gave his note, which has not been paid, for the balance ; that Cutting entered and cut more than one half of the wood, timber and trees, and removed and sold them ; that for this the defendant brought an action of tort in the nature of trover against Cutting, which is reported 107 Mass. 596 ; and that the defendant refused to permit the plaintiff or Cutting to cut and remove the balance of the wood, timber and trees.

If the plaintiff was entitled to recover in this action, the case was to be sent to an assessor to assess the damages ; otherwise judgment was to be entered for the defendant.

The court ordered judgment for the plaintiff, and the defend-ant appealed.

*G. F. Verry & F. A. Gaskill,* for the plaintiff.

*A. J. Bartholomew,* for the defendant.

MORTON, J. In *Hill* v. *Cutting,* 107 Mass. 596, the mutual deeds of partition between the parties to this suit were before the court for construction, and it was held that the clause in the deed of John Hill, reserving the wood, timber and trees on the lot of eight acres could not operate by way of exception or reservation, as to the undivided half which belonged to Philemon; but that it might have the effect of a parol transfer of the wood then stand-ing on the premises, as personal property, and a license to enter and cut the same, which was good until revoked. It did not ap-pear, by the statement of facts in that case, that Philemon had notified John to cut the wood within a reasonable time, or had done anything to revoke the license.

In the case at bar, the plaintiff claims upon the ground that, as a part of the consideration of his deed of release, the defendant entered into an oral agreement, the terms of which are embodied in the attempted reservation, and that the defendant refuses to permit the plaintiff to enter and cut and remove the balance of the wood and timber not removed by Cutting. By such an oral agreement, no title to the land passes, and no property in the trees is acquired until they are severed from the realty. The refusal of the vendor to permit the vendee to enter upon the land for the purpose of cutting the trees is merely a breach of an executory contract, the remedy for which is an action for damages. *Drake* v. *Wells,* 11 Allen, 141. *Giles* v. *Simonds,* 15 Gray, 441. *White* v. *Foster,* 102 Mass. 375.

If the plaintiff, therefore, can maintain this action, it must be upon proof that the defendant has made an executory contract to transfer the wood and timber, and that he has broken such con-tract. The attempted reservation, which it is agreed expresses the contract of the parties, is as follows: " Said grantor, John Hill, Jr., reserves for his own use all the wood, timber and trees now standing and being on " a certain part of the land herein conveyed, described by metes and bounds, " containing eight

acres more or less, with the right and privilege for the grantor his heirs and assigns, to enter on said premises at any and all times, to cut and take away said wood and timber, with the privilege of crossing over the land of the grantee for that purpose."

The plaintiff contends that by the true construction of the contract, he had the right at any time in the future, without any limitation, to enter and cut the trees ; the defendant contends that, as no limitation of time is fixed in the contract, the law implies that the contract is to be executed on the part of the plaintiff within a reasonable time. We are of opinion that the view taken by the defendant is right. It is not reasonable to presume that it was the intention of the parties to subject the land to a permanent easement. The right claimed by the plaintiff would deprive the defendant of the full use and enjoyment of his land for an indefinite time, which might extend through his life, and would give the plaintiff for that time the principal, if not the sole, beneficial use of it.

A similar question arose in *Gilmore* v. *Wilbur*, 12 Pick. 120, and it was there held, that a parol license to cut and carry away wood, when no time is limited, must be acted upon within a reasonable time, and must be considered as applying to the wood as substantially in the state of growth in which it then was.

The claim of the plaintiff that he had the right to have the trees remain, drawing nourishment from the soil, as long as he chose, is, we think, contrary to the intentions of the parties ; and the case falls within the general rule, that when by an executory contract a party is to do some act, and no time is limited, it is to be done within a reasonable time. *Atwood* v. *Cobb*, 16 Pick. 227.

Such being the contract of the parties, the remaining question is whether the defendant allowed the plaintiff a reasonable time to enter and cut the wood. As all the facts are agreed, this is a question for the court. It appears that soon after the contract was made, the defendant asked the plaintiff when he was going to cut and remove the wood, and the plaintiff replied, " that he should do it when he got ready, and that he had a right to have

it stand and remain there as long as he pleased." The plaintiff did not cut any, but suffered it to remain growing, until June 1868, more than three years after the contract, when the defendant gave him a notice in writing forbidding him from entering for the purpose of cutting and removing the trees. In our judgment, this was all the time the plaintiff could require to cut under his license, and the defendant was justified in forbidding him to enter after that time had elapsed. If instead of claiming a right, adverse to the defendant, to use the land for the growth of the trees, the plaintiff had used due diligence, he could have removed the wood and timber in much less time. By neglecting to act under the license within a reasonable time, he lost the benefit of his contract, and by his own laches has failed to realize a part of the consideration of his deed to the defendant.

The defendant has not broken his contract. He allowed the plaintiff a reasonable time to remove the trees. As the plaintiff failed to do so within the time limited by the contract, his right ceased, and the trees became the property of the owner of the soil. *Reed* v. *Merrifield*, 10 Met. 155. It follows that the plaintiff, upon the facts agreed, cannot maintain his action.

*Judgment for the defendant.*

A parol license to enter upon land "at any and all times" and cut and carry away growing wood must be acted upon within a reasonable time, and if not acted upon within a period of more than three years may be revoked, and after revocation a sale of the wood by the licensee is, as regards the licensor, a nullity.