SNYDER *v.* EAST BAY LUMBER CO.

1. TIMBER—CONVERSION—EVIDENCE—ESTIMATES.
    In an action for the conversion of timber purchased by defendant
    from one who took it from plaintiff's land, the testimony of
    defendant's agent as to the amount of timber actually pur-
    chased was not conclusive, where plaintiff introduced the testi-
    mony of estimators who had examined the stumps, and who
    gave their opinions as to the amount of timber taken off.

2. SAME—DAMAGES—MARKET VALUE.
    Testimony as to what timber was worth at mills distant 3 and
    12¼ miles, respectively, from defendant's mill, and that it was
    worth as much at one mill as another, was competent to
    enable the jury to arrive at its value at defendant's mill.

3. TRIAL—INSTRUCTIONS—REQUESTS.
    It is not necessary to instruct a jury in the language of a
    request, where the subject is properly covered by the general
    charge.

4. LICENSE—REVOCATION BY LAPSE OF TIME—REMOVAL OF TIMBER.
    A gratuitous parol license to remove timber from land, when
    no time is fixed, will expire if not acted upon within a reason-
    able time.

5. SAME—REASONABLE TIME—QUESTION FOR JURY.
    Where no time was fixed for the removal of timber under a
    gratuitous license, what, under the circumstances of the case,
    would be a reasonable time, was a question for the jury.

Error to Grand Traverse; Mayne, J. Submitted Octo-
ber 9, 1903. (Docket No. 43.) Decided November 9,
1903.

Trover by William Snyder against the East Bay Lum-
ber Company. From a judgment for plaintiff, defendant
brings error. Affirmed.

*W. H. Foster*, for appellant.

*Thomas Smurthwaite*, for appellee.

Hooker, C. J.   Plaintiff sued the defendant for the conversion of a quantity of cedar logs purchased by it from one Brown, who removed them from plaintiff's premises.   Judgment went against the defendant, which has brought error.   Brown claims to have taken the timber under a license.   He gave testimony that the plaintiff tried to burn this timber, but did not succeed, when Brown asked why he could not take some wood and timber off, and plaintiff replied that, "the more you take, the less I will have to burn."   Some time later he took off cedar logs which the jury found to approximate 35,000 feet, and sold them to the defendant.

The following are the points relied on:

1.   The plaintiff offered the testimony of estimators who examined the stumps, and gave their opinions as to the amount of timber taken off.   The defendant's agent testified to the amount actually purchased.   It was claimed that the latter's testimony was conclusive, and could not be contradicted by mere estimates.   In view of testimony that all of the timber taken was sold to the defendant, we think the point not well taken.   The jury were at liberty to find that defendant's statement was not a true one in the light of the estimates.

2.   The plaintiff called one Payn to prove the value of the timber.   He testified that the logs were worth $8 per M. feet up the river 12½ miles distant from defendant's mill, and that he was authorized to pay $8 for such timber at Traverse City, 3 miles from defendant's mill, the preceding winter.   Defendant's president testified that the price paid at their mill was $6 per M., and that he paid that to Brown for the timber in question.   It is contended that the measure of damages was the price paid at defendant's mill, and that $6 should have been the price, as no one contradicted Mr. Mahan.   There was testimony that cedar timber was worth as much at one mill as another, and there is nothing to indicate that there was any other buyer nearer to the defendant than three miles.   If the defendant is correct in claiming that the value at East Bay

is the measure, we think the testimony given was competent to enable the jury to arrive at such value.

3. There is no claim on the part of defendant that Brown paid anything for the privilege of taking timber. Under their claim of a license, they say that the court should have given the following requests:

"1. A license is a permission to do some act or series of acts on the land of the licensor without having any permanent interest in it. It is founded on personal confidence, and is not assignable. It may be in writing or by parol. It may be without consideration, and subject to revocation. It protects the licensee in regard to all trees cut under it. So if you find from the evidence that W. L. Snyder, the plaintiff in this suit, told Mr. Brown to go on this 40 acres of land in question, and take such timber as he wanted, then I charge you that this would be a license, together with an interest in such timber as was included in the license, and would protect Mr. Brown and the defendant in this suit for all timber taken under the license and included in it.

"2. That if you find from the evidence that Mr. Brown asked the plaintiff if he might go on this 40 acres of land and take stuff—timber or wood—such as he might want, this would amount to a license, coupled with an interest in such timber as he took under the license. What timber he was to take under the license is for you to determine from the evidence in the case; and if you find from the evidence that the plaintiff intended Mr. Brown to take any timber lying upon the ground,—cedar such as Mr. Brown took,—then I charge you that you must find a verdict of no cause of action."

The court charged the jury as follows:

"As counsel have stated to you in the argument, a license is simply a permission or authority to do something; and in this case a license—if you find there was one—would be an authority or permission for Mr. Brown to go upon this land and cut and remove the timber specified in the license. If you find there was a license, it will be necessary for you to determine just what timber was intended to be covered,—just what timber the parties had in view at the time of the conversation referred to. If you find that this conversation, as testified to by the

witnesses, took place, and that the plaintiff granted the permission or authority to Mr. Brown to go upon the premises and cut and remove the timber, it will be necessary for you to determine just what timber the license covered.

"In this case it is not claimed by the defendant nor by Mr. Brown that he (Brown) paid anything for the license. It was therefore permissible for the plaintiff at any time to revoke it, and, in order to have the license effective, it was necessary for Mr. Brown to enter upon the premises within a reasonable time after the license was given him, and cut and remove the timber. The question for you to determine, then, in this case, will be, Was there a license given? If so, what timber did it cover? And, after determining that the license was given and the timber that it covered, and finding that it covered the timber in question, then it will be for you to determine whether, within a reasonable time after the license was given, Mr. Brown entered upon the premises and cut and removed the timber. In other words, a license without consideration will expire without any act of the parties if the person to whom the license was given does not, within a reasonable time after the giving of said license, act under it. Now, it is for you to determine — provided you find there was a license, and that it extended to the timber in question — whether Mr. Brown acted within a reasonable time, or whether the license had expired by reason of his not acting within such reasonable time. To determine what is a reasonable time, you should take into consideration all the facts and circumstances appearing in the case,— the location of the land, its character, the character of the timber, the market, the opportunities for getting it to the market, the relationship of the parties and their residence, the purpose for which the land was purchased and held; in fact, you should take all the evidence in the case, and from that determine whether the parties acted within a reasonable time."

We think that the instruction given sufficiently covered the requests, if they were not objectionable for the statement that this was a license coupled with an interest.

4. Was it error to instruct the jury that the license would cease to protect without revocation? The plaintiff's counsel requested an instruction that, under the circum-

stances of the alleged license, an omission to act under it for two years was an unreasonable delay.   The court left the question of time to the jury.  The defendant cannot complain of this.   The nature of this license was inferable from the circumstances, and the rule is that, when a time is not fixed, a gratuitous parol license must be acted on within a reasonable time.   See *Hill* v. *Hill*, 113 Mass. 103, 107 (18 Am. Rep. 455); *Gilmore* v. *Wilbur*, 12 Pick. 120 (22 Am. Dec. 410).

It was competent to leave to the jury the question whether the parties understood, and whether Brown had the right to understand, that this was more than permission to take wood or timber for a limited time, and what time would be reasonably within the contemplation of the parties.

We find no error in the proceedings, and the judgment is affirmed.

The other Justices concurred.