# Colbey-Hinkley Co., *v.* Jordan.

*Petition for Partition of Personal Property.*

(Decided June 30, 1906. 41 So. Rep. 962.)

1. *Partition; Personal Property; Jurisdiction; Courts.*—Under section 3161, Code 1896, the probate court has jurisdiction of a petition for the partition of personal property owned by petitioner and others as tenants in common.

2. *Logs and Logging; Standing Timber; Sales; Parol Contract; Rights Acquired.*—Under a contract oral for the sale of standing timber, authorizing the buyer to enter on the land and cut the timber, and providing that the timber cut should be equally divided between the owner and the buyer, the buyer had only a license to enter on the land and cut the timber, and the license was revocable at the option of the owner, except as to the timber already cut.

3. *Tenants in Common; Personal Property.*—Under a contract oral for the sale of standing timber providing that the timber cut should be equally divided between the buyer and the owner, as to the timber cut, the buyer and owner are tenants in common.

4. *Logs and Logging; Contract; Obligations to Perform.*—The buyer is not liable as for breach of contract for failing to go forward with the execution of a contract oral to enter on the lands of another and cut and haul away standing timber, as he has only a license to do so, revocable at the will of the owner.

[Colbey-Hinkley Co. v. Jordan.]

APPEAL from Marshall Probate Court.

Heard before Hon. J. H. CARTER.

This was a petition addressed to the judge of probate by the Colbey Hinkley Co., seeking partition of a lot of logs alleged to belong equally to the corporation and one Jordan. It is averred in said petition that the logs consist of numerous and divers sizes and conditions amounting to about one hundred thousand feet of timber, and that on account of the numerous and varying sizes of the logs, they cannot be equitably divided. Upon the trial, the court denied the relief sought and dismissed the petition.

JOHN A. LUSK, for appellant.—Under the facts in this case, the parties thereto were joint owners of the logs. In so far as the contract had become executed, it was an irrevocable license.—*Giles v. Simons,* 77 Am. Dec. 373 and note. The defendant by his conduct in giving license to cut the timber and having it scaled with full knowledge of all the facts, estopped himself to deny petitioners title to the timber.—16 Cyc. 785, note 72. The contract was not an entire contract, and was not a contract at all except as it was performed.—9 Cyc. 643.

STREET & ISBELL, for appellee.—The contract was entire under the facts in this case necessitating full performance by appellant before a legal title to half interest in the logs vested in them.—*Fail v. McCrea,* 36 Ala. 61; *McDonald v. Bryan,* 40 N. W. 665; *William v. Gay,* 80 N. W. 450; *Lee v. Briggs,* 58 N. W. 477; 9 Cyc. 641-645; 7 A. & E. Ency. of Law, pp. 97, 145. If appellants had any right it cannot be enforced here. The probate court is without authority to determine complicated question of law and fact respecting title.—*Gilford v. Madden,* 45 Ala. 290; *Wilkinson v. Stewart,* 74 Ala. 198. Partition cannot be resorted to by piece meal.—*Wilkinson v. Stewart, supra.*

TYSON, J.—The petition in this case was exhibited in the probate court for the purpose of having divided

between the petitioner and the respondent certain logs owned by them in equal shares as tenants in common. The jurisdiction of the court to divide personal property is just as effectual, when properly invoked, as it is to partition real estate.—Section 3161, Code 1896.

There seems to be no dispute between the parties as to their respective interest or share in the logs sought to be divided. The point of difference between them seems to be as to certain terms of the contract with respect to the size of the timber and the area from which it was to be cut, and as to which of them breached it. This contract was a verbal one. The respondent was the owner of the timber from which the logs were to be cut and hauled by the petitioner, and when cut and hauled they were to be divided equally between them. The petition seeks only a division of those that have been cut and not a partition of the standing timber which has not been converted into logs by felling. It will scarcely be doubted that, if the effect of this agreement was to invest the petitioner with an interest in the growing timber, it is void because violative of the statute of frauds, and, as to the standing timber unconverted under it into logs, is unenforceable by either party, being merely an executory one, as to the timber uncut. But the contract did not invest the petitioner with an estate in the growing timber which is a part of the land. It was nothing more than a license to him by the respondent to enter upon the land of the latter to cut and take away the timber, and was revocable at pleasure except as to the timber which had been converted into logs under it.—*Riddle v. Brown*, 20 Ala. 412, 56 Am. Dec. 202. As to the logs cut, the license had become an executed one and was irrevocable (*Giles v. Simonds*, 77 Am. Dec. 373 and note) and vested in the parties equally a title to them as tenants in common. As to the timber still standing, the license, being revocable at the pleasure of the owner of it, is unenforceable by him as against the petitioner, the licensee. For clearly the petitioner cannot be held liable for its failure to go forward with the execution of the contract when the other party to it is

[Schuessler v. Goodhue, *et al.*]

not legally bound to perform it, and therefore cannot be made liable for his breach of it or be made to specifically perform it. It is upon this principle that a purchaser may recover back purchase money paid for land when the contract of purchase is violative of the statute of frauds.—*Nelson v. Shelby Mfg. & Imp. Co.,* 96 Ala. 515, 11 South, 695, 38 Am. St. Rep. 116. This being true the defense attempted to be invoked against the relief here sought, that petitioner violated the contract in certain respects alleged in the answer of respondent, is of no avail, and conceding that the evidence supports this attempted defense, this will not defeat the petitioner's right to the relief sought.

The decree dismissing the petition will be reversed and one will be here rendered granting the relief sought by it, with directions to the judge of probate, who tried the case, to enter an order appointing commissioners in conformity with section 3166 of the Code of 1896.

Reversed and rendered.

WEAKLEY, C. J., and SIMPSON and ANDERSON, JJ., concur.