GRIFFIN *v*. ANDERSON-TULLY COMPANY.

Opinion delivered July 12, 1909.

1. TIMBER AND TREES—RIGHT TO REMOVE TREES CUT.—Under a contract for the sale of growing timber whereby the grantee is authorized to cut and remove timber within a certain period of time, the title to timber cut by the grantee within such period, but not removed from the land, passes to such grantee, together with a right for a reasonable time thereafter to remove them. (Page 296.)

2. PLEADINGS—AMENDMENTS TO CONFORM TO PROOF.—Where evidence is introduced without objection upon an issue not raised by the pleadings, they will be considered as amended to conform to such proof. (Page 297.)

3. SALE OF TREES OF CERTAIN SIZE—DATE OF MEASUREMENT.—Where a timber deed conveyed "all of the cottonwood trees 20 inches in diameter and up at the stump now standing or located" on certain described land, and fixed the time of removal as five years, the title passed only

to those trees which measured the required size at the date of the contract, and not at the date of their severance. (Page 297.)

4. APPEAL AND ERROR—CONCLUSIVENESS OF MASTER'S FINDINGS.—Where, by consent of the parties, the facts of a chancery case are referred to a master for determination, his findings are as conclusive as the verdict of a jury. (Page 298.)

Appeal from Chicot Chancery Court; *Zachariah T. Wood,* Chancellor; affirmed.

*J. R. Parker,* for appellants.

1. The evidence sustains the findings of the master, and his findings are as conclusive as the verdict of a jury. 85 Ark. 414.

2. The contract specified "all of the cottonwood trees 20 inches in diameter and up at the stump *now* standing or located on the following lands." It is plain and unambiguous, and the size specified referred to the time the contract was executed. 55 L. R. A. 513; *Id.* 524 and notes.

*Brown & Anderson,* for appellee.

1. The cross-complaint tenders no issue as to timber cut in violation of the contract, *i. e.* under 20 inches in diameter on the 8th day of May, 1902. It nowhere sets up any claim for such timber nor sues for the value of same. The only injury complained of was the removal, after May 8, 1907, of timber which had been cut prior thereto but had not been removed before the expiration of the contract. The only relief prayed for is that all of said cottonwood trees be turned over to the defendants. There is not even a prayer for general relief. 22 Ark. 227; 4 Ark. 302; 25 Ark. 570; 30 Ark. 612; 29 Ark. 500; *Id.* 637.

2. The court erred in its interpretation of the contract in limiting appellee's right to cut only such timber as was 20 inches in diameter and over on May 8, 1902, the date the contract was executed. Properly construed, appellee was given the right to cut timber of such diameter any time within five years from the date of the contract. 39 S. W. 428.

3. The court erred in overruling appellee's exceptions to the master's report and in giving judgment for 76,605 feet of timber in addition to the 174,178 feet shown by the estimate of S. F. Horner. There is no evidence to justify such report of the master.

*J. R. Parker,* for appellant in reply.

The cross-complaint is sufficient to tender an issue as to timber cut in violation of the contract, especially when considered in the light of the proof. If defectively stated, the appellees might have moved before trial to make the cross-complaint more definite and certain; but pleadings will be treated by this court as amended to conform to the proof where no exception has been saved to the introduction of the proof. 76 Ark. 551; 77 Ark. 1; 75 Ark. 181; 73 Ark. 8; 71 Ark. 562; 70 Ark. 161; 67 Ark. 426; 67 Ark. 455; 65 Ark. 422.

HART, J. The foundation of this suit is the following contract:

"For and in consideration of the sum of three thousand five hundred ($3,500) dollars, cash in hand paid to us by L. W. Snyder, agent for Anderson-Tully Company, the receipt whereof is hereby acknowledged, we, T. K. Lee and J. P. Alexander, described herein as parties of the first part, bargain, sell, convey, transfer and warrant unto Anderson-Tully Company, known herein as parties of the second part, all of the cottonwood trees twenty inches in diameter and up at the stump now standing or located on the following described property, what is known as the Florence Plantation, Chicot County, State of Arkansas, commencing at west line of the Tecumseh Plantation, running to Adams place on the east, the levee is the north line, Mississippi River and Wailer place is the south line. The party of the second part, or assigns, shall have the full, free and undisturbed right of entry on and into said lands for the term of five years from this date to cut, raft and carry away said trees sold to them. Parties of the second part shall have the right with their employees to go in and upon said land and to use and occupy same for such necessary and useful purposes, in order to cut and carry away said cottonwood timber. Also small trees necessary for rafting timber for towing. All the rights herein granted to said Anderson-Tully Company shall include their heirs and assigns.

"In witness whereof the parties have hereunto signed their names, this 8th day of May, 1902.

"Anderson-Tully Company, parties of the second part, agree and bind themselves not to hire any of T. K. Lee and J. P. Alex-

ander's (parties of the first part) plantation laborers, without first consulting parties of the first part, or their agents, and securing their consent thereto.

(Signed)     "T. K. Lee,
"J. P. Alexander.

"Witnesses:

"John M. Parker,

"H. W. Langer."

A complaint was filed by the Anderson-Tully Company, a Michigan corporation, in the Chicot Chancery Court, against J. W. Griffin, T. K. Lee and J. P. Alexander Company, Limited, a Louisiana corporation, it being alleged that these defendants had purchased the lands mentioned in the contract since the date of its execution.

On the 8th day of May, 1907, a large number of the trees from said land had been felled and cut into logs; but the logs had not been removed from the land. The amount was estimated to be 400,000 feet. The plaintiff alleged that it had not been able to remove the same on account of high water, and the object of this action was to enjoin the defendants from interfering for a reasonable time with its servants and employees in removing the logs.

A temporary injunction was granted which by the final decree was made perpetual. The defendants answered, denying the title of the plaintiff to the logs remaining on the land at the date of the expiration of the contract, and by way of cross-complaint alleged that the plaintiff had cut a lot of timber, which was under the size of the trees conveyed. They asked that the plaintiff be enjoined from removing any of the timber until their rights could be determined, and that a master be appointed to take an account of the amount of timber cut, which was under the size mentioned in the contract.

By agreement of the parties to the suit, R. D. Chotard, the clerk of the court, was appointed special master to ascertain the amount of cottonwood timber cut on said land by plaintiff and appropriated to its use, which was not embraced in the terms of the contract above set forth. He was given power to summon witnesses and take all necessary proof to ascertain that matter.

The master reported that 250,683 feet of cottonwood logs, less than 20 inches in diameter at the stump at the date of the

execution of the contract, were cut upon the land described in the contract, and that the price of said logs was the sum of $877.39. The report was confirmed by the court, and a decree was entered, in accordance with the report, against the plaintiff in favor of said defendants for said sum of $877.39, with six per cent. interest per annum thereon from the date thereof, viz., April 10, 1909, until paid.

Both the plaintiff and defendant introduced evidence tending to sustain their respective contentions, and both have appealed from that part of the decree against them.

This court decided in the case of *Indiana & Arkansas Lumber & Manufacturing Co.* v. *Eldridge,* 89 Ark. 361, that under a contract for the sale of growing timber, whereby the grantee is authorized to cut and remove timber within a certain period of time, the title to timber cut by the grantee within such period, but not removed from the land, passes to such grantee. Under this decision, the plaintiff owned all the trees embraced within the terms of its contract which had been severed from the soil and cut into logs at the date of the expiration of its contract, and had a right for a reasonable time thereafter to remove them. The evidence shows that at the time the final decree was entered these logs had been removed. Hence the question of whether the court was right in its decree as to the injunction passes out of the case. The logs belonged to the plaintiff, and it removed them before the final decree was entered. The appeal from that part of the decree is therefore fruitless, and the court will not consider whether it was right or wrong. *Wilson* v. *Thompson,* 56 Ark. 115.

Counsel for plaintiff urges that no issue was raised by the cross-complaint as to a violation of the contract by cutting timber under twenty inches in diameter. The following paragraph appears in the answer and cross-complaint:

"Defendants charge that said plaintiff has violated said contract with the defendants by cutting and carrying away about 400,000 feet of cottonwood trees that were less than twenty inches in diameter on the 8th day of May, 1902, the day of their contract; that said 400,000 feet of cottonwood timber is worth $3,000."

The prayer of the answer and cross-complaint is as follows:

"Wherefore defendants pray that the writ of injunction heretofore granted be dismissed, set aside and naught held, and that defendants be granted an injunction against plaintiffs from removing any of said cottonwood logs until the title of said logs is adjudicated by this court. Defendants pray that if the court refuses to dissolve said injunction granted to the plaintiffs, and also refuses to grant an injunction enjoining the plaintiffs from removing said logs, then the defendants pray the court to appoint a receiver or master to take an accounting of said logs and report the same to the court at its November term, 1907. Defendants further pray that, if the court refuses to dissolve said injunction granted to the plaintiffs, the court require the said plaintiffs to give an additional bond in the sum of $10,000. Defendants pray, upon a final hearing of this cause, that all of said cottonwood logs be turned over to them or the plaintiffs be made, by the judgment of this court, to pay full market value for same to defendants, the sum of $6,000."

The defendants and cross-complainants asked for an accounting of the logs taken in violation of the contract, and for judgment for the amount so found. We think this was sufficient to raise the issue. Moreover, proof on this issue was introduced by both sides without objection. In such cases it is the uniform holding of this court that the pleadings will be considered as amended by us to conform to the proof. *Roach v. Richardson,* 84 Ark. 37, and cases cited; *White River Ry. Co. v. Batesville & Winerva Telephone Co.,* 81 Ark. 195; *Hurley v. Oliver, post* p. 427.

Counsel for plaintiff earnestly insist that the question of the size of the trees should be determined as of the date of the cutting, and not as of the date of the contract. In short, they urge that no regard should be taken of the growth of the trees from the time of making the contract until the time of cutting. In support of their contention, they cite the case of *Bryant v. Bates* (Ky. App.) 39 S. W. 428. In that case, without any discussion, the court said that plan of measurement was proper because there was no practicable way to ascertain the growth of the tree from the time of the contract and the time it might be cut under the contract. In that case the trees were oak, gum and ash, trees of slow growth, and the time of removal three

years. In the present case the time of removal was five years, and the trees were cottonwood, which grow at the rate of one or one and one-half inches each year. The language of the contract describing the trees sold is as follows: "All of the cottonwood trees 20 inches in diameter and up at the stump now standing or located on the following described property. (Here follows description of land.)" Thus it will be seen that the title passed, according to the plain and express terms of the contract, only to those trees which measured the required size at that date, and not at the date of their severance. The identification of the trees by specifying their size tends to show that the intention of the parties was to include such only as at the time the contract was made answered the description. Their diameter at that time was capable of definite ascertainment. The parties, being timber men, knew that cottonwood was of quick growth, and no doubt knew what would be its probable growth in five years. The soil was extremely rich, and on that account the growth would be quicker. It is not to be presumed that the owner intended to convey that growth unless he expressly did so by the terms of his conveyance. If the purchaser wished to be saved the trouble and expense of measuring and marking the trees at the time of the sale, it should have secured a clause in the contract fixing then the measurement at the time when cut or severed from the soil. This is in accordance with the well-established general rule of the construction of contracts, as well as with the majority of adjudicated cases on this particular subject. 28 Am. & Eng. Enc. Law (2d Ed.) p. 542 and cases cited; note to case of *McRae* v. *Stilwell*, 55 L. R. A. 524.

The record shows that at the April term, 1908, of the Chicot Chancery Court, by consent of all parties, R. D. Chotard was appointed master to determine what amount of cottonwood timber under the size specified in the contract had been cut by the plaintiff on the lands described therein. He was directed to summon witnesses and to take all necessary proof to ascertain that fact. Under such circumstances, his findings of facts are entitled to the same conclusiveness as is given the verdict of a jury or the findings of fact by a court sitting as a jury. *Paepcke-Leicht Lbr. Co.* v. *Collins*, 85 Ark. 414; *Greenhaw* v. *Combs*, 74 Ark. 338.

It is next objected by counsel for plaintiff that there is no evidence to sustain his findings as to a part of the timber. In other words, they contend that some of the timber was estimated twice.

G. F. Horner was one of the witnesses for the defendants. He testified that he made estimates of the amount of cottonwood under 20 inches in diameter on the land described in the contract twice. He said that the first time he only made an estimate of the timber on the north part of the land because at that time he thought the timber on that part was all that was in dispute. The second time he only measured the timber on the remainder of the land. The findings of the master as to the amount of timber on the land under 20 inches in diameter at the stump is warranted by his testimony and by the testimony of other witnesses tending to corroborate it. Of course, this evidence is contradicted by the witnesses for the plaintiff. But because the finding of the master in this regard must be sustained under the rule above announced it will not be necessary for us to set out the evidence on this point.

We find no prejudicial error in the record, and the decree is therefore affirmed.

