Fowler v. Ramsey *et al.*—Opinion of Court.

J. M. FOWLER, *Plaintiff in Error*, v. ALICE RAMSEY AND JOHN GOODSON, *Defendants in Error.*

Opinion Filed April 10, 1913.

1  Where the plaintiff and one E. T. owned adjoining lands, and the boundary line between them was a section line running through a cypress swamp and a dispute arose between them as to the ownership of cypress timber on the land of E. T. by reason of some sort of claim to the timber by the plaintiff acquired before E. T. bought his land, and to settle the dispute about the timber they agreed verbally upon a timber line which was altogether on the land of E. T. up to which line the plaintiff was permitted to cut the cypress, and it is expressly agreed that the timber line was not the boundary line, the plaintiff's right was nothing more than a license to cut the cypress during the life-time of E. T. and in an action of trover to recover the value of logs removed from the land by a grantee of the grantee of E. T., it was incumbent on the plaintiff to make it clear that he cut the logs in controversy while E. T. lived.

2.  The principles of the case of Watrous v. Morrison, 33 Fla. 261, 14 South. Rep. 805, do not apply to the facts in this case.

Writ of error to the Circuit Court for Franklin County.

Judgment affirmed.

*R. F. Burdine,* for Plaintiff in Error;

*R. Don McLeod, Jr.,* for Defendants in Error.

HOCKER, J.—J. M. Fowler, who will be referred to as the plaintiff, brought a suit in the Circuit Court of Franklin County, against Alice Ramsey and John Good-

son, who will be referred to as the defendants, for the value of forty-eight cypress logs alleged in the declaration to have been converted to their own use by the defendants, and to have been of the value of $240.00. A plea of not guilty, and other pleas denying the allegations of the declaration, were filed, and in October, 1912, the case was tried. A verdict of not guilty was rendered, and a judgment of *nil capiat* was entered against the plaintiff. He brings the judgment here for review on writ of error.

The only assignments of error here question the action of the judge in refusing to give seven instructions. Briefly stated the facts were that some twelve or fifteen years before the trial the plaintiff and one Eli Taylor owned adjoining lands. Taylor's land being north one-half of Section 25, Tp. 7 S., Range 8 W., and Fowler's being the land immediately west of Taylor's in Section 26. The section line between 25 and 26 ran through a cypress swamp which had not been run out by a surveyor until about the time this suit was started. Twelve or fifteen years (the exact time is not given) before the trial, it is contended by the plaintiff, who produced testimony to that effect, he and Eli Taylor, who was then alive, had disputes as to his claim to cypress timber on Taylor's land near the border line, and mutually agreed upon a blazed line which they ran as the line which was to divide their timber rights. The line thus run out was altogether in Section 25, and admittedly on the land of Eli Taylor. Plaintiff contends that he and Taylor lived up to this agreed timber line as long as Taylor lived. Plaintiff testifies that Taylor died about ten years before the trial. His widow inherited his land, and she conveyed it by deed to Alice Ramsey, her daughter, and one of the defendants, some years before this action was

brought.   Alice Ramsey authorized Goodson to cut and remove the cypress logs from the land, viz.: North one-half of Section 25 above described.   Goodson removed from the land between 50 and 60 cypress logs, he claiming that these logs were taken from recently cut trees, except possibly two or three, which were probably trees which had been blown down.   He also says that one or two had some sort of a brand on them, probably the brand of the Cypress Lumber Company.   Plaintiff claims that all these logs were old ones, cut by him and left on the ground under his agreement with Taylor. There is a suggestion in the brief of plaintiff that the case of Watrous v. Morrison, 33 Fla. 261, 14 South. Rep. 805, applies to this case, and that the timber boundary established by Eli Taylor and plaintiff had the effect of an agreed land boundary.   This contention is not tenable.   The evidence of Fowler himself shows they did not undertake to establish a land boundary, but were only trying to settle disputed timber rights.   The only possible effect this agreement between Taylor and plaintiff had, was to give the latter a license to cut and remove such cypress logs as were on Taylor's land, but covered by the alleged agreement.   This license was revoked by Taylor's death.   The record does not show the exact time of Taylor's death.   Plaintiff says in his testimony that he died "about ten years ago.   The logs in suit had been cut from witness' side of the line ten or twelve years ago, and had never been gotten out." It is plain from the evidence that Taylor had long been dead when Goodson took the logs from the land of Alice Ramsey, though it is not certain when he did die.   The plaintiff's right, which was nothing more than a license, was revoked by the death of Taylor.   It was the duty of plaintiff, on whom was the burden of proof, to make

it clear that he cut these logs, and that he did it while Taylor lived, in order to maintain any right in the logs. This question should not have been left in a state of uncertainty.

The judge's charges, it seems to us, cover the whole question submitted to the jury.    It is admitted that these charges are correct so far as they go, but that the principles of the case of Watrous v. Morrison, *supra*, should have been applied to this case, and the judge erred in refusing to give seven instructions which undertook to do it.   As we have said, the evidence of the plaintiff himself did not warrant this view of the case.   He expressly states that he and Taylor were simply running a *timber* line; that he had some sort of claim upon the timber of Taylor's land, and they were settling a timber dispute by a verbal agreement as to a timber line.

We have consulted, among others, the following authorities: Jenkins v. Lykes, 19 Fla. 148; 1 Washburn on Real Property, (6th ed.), Secs. 842 to 850 inclusive; Gilves v. Simonds, 15 Gray (Mass.) 441; Hill v. Hill, 113 Mass. 103; Hill v. Cutting, Id. 107; 25 Cyc. 649.

We find no reversible error in this record, and the judgment below is affirmed.

SHACKLEFORD, C. J., AND TAYLOR, COCKRELL AND WHITFIELD, J. J., concur.