## FEIST v. ROOT.

1. SALES—EVIDENCE—DIRECTING VERDICT—HUSBAND AND WIFE—CONTRACTS—PRINCIPAL AND AGENT.

Defendant, a music dealer, who had been in business associated with his wife, was not, as a matter of law, entitled to a directed verdict because the music for the price of which plaintiff brought action had been originally charged to his wife, who ordered it, the business belonging in fact to him, and the goods becoming a part of his stock, where there was evidence that he made payments on the account so as to reduce it below the price paid and he had informed an attorney, that had the account for collection, that he had received the goods and would pay for them, and he had not returned the merchandise to plaintiff, claiming, in explanation thereof, that they were negotiating concerning the claim, etc. The question was for the jury.[1]

[1]The validity of husband's express promise to pay debt previously contracted by wife is discussed in note in 7 L. R. A. (N. S.) 1048.

2. SAME—FRAUDS, STATUTE OF—WRITTEN CONTRACT.
    Any subsequent promise of defendant to pay a debt
    which in fact was his wife's was void if it was not in
    writing, under the statute of frauds.

3. SAME—TRIAL—CHARGE.
    Nor did the trial court err in charging the jury, as to
    . this phase of the defense, that if the goods were not pur-
    chased by authority of defendant or accepted by him as
    his goods, he would not be bound by any promise to pay
    for them, unless he made it in writing and for a valuable
    consideration.

4. TRIAL—CHARGE.
    No error was committed by the court in declining to give
    requests to charge as framed by counsel for the defend-
    ant, if the subject was covered by the general instruc-
    tions.

5. SALES—CONSIDERATION.
    And if the goods were purchased for and accepted by de-
    fendant, there was no failure of consideration, inasmuch
    as he had theretofore received the music ordered.

6. APPEAL AND ERROR—SAVING QUESTIONS FOR REVIEW.
    In the absence of exceptions, improper argument of plain-
    tiff's counsel is not reviewable on writ of error.

Error to Washtenaw; Kinne, J. Submitted October
13, 1915. (Docket No. 65.) Decided December 22,
1915.

Assumpsit in justice's court by Leo Feist against
Frank M. Root for goods sold and delivered. From a
judgment for plaintiff defendant appealed to the cir-
cuit court. Judgment for plaintiff. Defendant brings
error. Affirmed.

*Edward B. Benscoe* (*Frank A. Stivers*, of counsel),
for appellant.

*Cavanaugh & Burke*, for appellee.

PERSON, J. This action was brought to recover a
balance of $122.17 and interest, claimed by the plain-

tiff to be due him on account. The plaintiff is a publisher of music in New York City, and the defendant, at the time the account accrued, was a dealer in music in Ann Arbor. The account consists of a list of 24 items, charged against the defendant, beginning in August, 1908, and ending in November, 1909; and 9 items of credit given at various times between October, 1908, and September, 1909. The plaintiff recovered judgment, first in the justice's court, and then on appeal, each time for the full amount of the claim. The controversy is over one item of this account whereby defendant is charged $192.04, as of September 1, 1908, for a certain publication of music, known as the "Peter's Edition." This music was ordered by defendant's wife, when the two were in New York City making purchases in the fall of 1908. At the time defendant's business in Ann Arbor was conducted under the name of "Root's Music House." The business belonged to Mr. Root, but both he and his wife were actively engaged in the management of it. It is claimed by the plaintiff that the music was purchased for Root's Music House, that it went into defendant's general stock, that the wife had authority to make the purchase for him, and that he acquiesced in and ratified it. The defendant claims that this "Peter's Edition" was purchased by the wife on her personal credit, and that it should not be charged to him.

It is assigned as error that the circuit judge refused to direct a verdict for the defendant. But this could not properly have been done. It is true that the account was in the first place charged to Mrs. Root; this, however, is not conclusive. Considerable evidence was given on the trial tending to show that defendant treated the purchase as made on his account, and for his business. The goods were received at Root's Music House, with defendant's knowledge, and some of them placed upon the shelves, with other music, for

sale. Sales were made from them. About March 1, 1909, defendant received a statement of account from the plaintiff charging him personally for the Peter's Edition. Various payments were afterwards made by him on general account reducing the balance considerably below the price charged for that edition. Defendant and his wife separated about February 1, 1909, and the music in dispute remained in his store for a considerable time thereafter. And at some period after his wife left he told an attorney, who had the claim for collection, according to the attorney's testimony, that he had received these goods and he proposed to pay for them.

It is true that the defendant denies having made such statement to the attorney, and explains the payment on account by saying that he did not know what the balance of the account was, and that he did not intend to make any payment that should apply on the Peter's Edition. He also explains the failure to return the music, by saying that the matter was in negotiation between himself and the plaintiff. But these things were all for the consideration of the jury. It was within their province to reject these explanations, if they believed that, in consideration of all the testimony, they ought to do so. Even after the rejection of certain depositions, there was ample testimony from which the jury might find that Mrs. Root was defendant's general agent and practically managing the business; and the instructions given by the court relative to agency were not unwarranted.

If the liability for the Peter's Edition was a personal indebtedness of Mrs. Root's, it is true that any subsequent promise by Mr. Root to pay it was not binding because not in writing. But the court's instructions upon this feature of the case were all that the defendant could have required.

The court put it very broadly by telling the jury:

"If this bill of goods was not purchased by the authority of Mr. Root, nor accepted by him as his own goods, then he would not be bound by any promise to pay for them, either to Mr. Cavanaugh or anybody else, unless he had made his promise in writing, and unless there was a good consideration to support such promise."

It was not error for the court to decline to give the requests as framed by counsel for defendant when the matter was thus properly and thoroughly covered by the general charge. *Snyder* v. *Lumber Co.*, 135 Mich. 31 (97 N. W. 49). Nor were the remarks of the court as to the retention and examination of the music erroneous, inasmuch as such remarks could have been understood as applying only to the contingency that the music was purchased for and accepted by the defendant.

The court also fairly submitted the question of value to the jury. There was not a total failure of consideration, if the goods were purchased for and accepted by the defendant, inasmuch as he had received the thing purchased. The matter of value, in case the jury should find that it was not expressly fixed by the contract, was properly submitted; and recovery upon express contract could be had, under the common counts, if the price was fixed, and nothing remained but its payment. The other errors alleged have been carefully examined and do not require a reversal of the judgment.

There being no exceptions, we cannot consider the remarks made by plaintiff's counsel in his argument over the refusal of defendant to permit his wife to testify. Nor was it error for the court to refuse a new trial.

The judgment will be affirmed.

BROOKE, C. J., and KUHN, STONE, OSTRANDER, BIRD, MOORE, and STEERE, JJ., concurred.