(85 South. 829)

SPARKMAN v. KIRKPATRICK.
(8 Div. 660.)

(Court of Appeals of Alabama. April 20, 1920.)

1. LOGS AND LOGGING ☞4—VERBAL LICENSE TO CUT DID NOT CONVEY STANDING TIMBER, BUT TITLE TO TIMBER CUT PASSED.

Verbal license in defendant to cut timber on plaintiff's land did not convey title to the standing timber to defendant, but, as to timber cut, title passed to defendant subject to the lien for stumpage declared in Code 1907, § 4814 et seq.

2. LOGS AND LOGGING ☞5—PLAINTIFF, HAVING LICENSED DEFENDANT TO CUT TIMBER, COULD NOT TAKE IT, AFTER CUTTING, WITHOUT DUE COMPENSATION.

Plaintiff, who had given defendant verbal license to cut standing timber, after defendant had cut timber, so that title thereto passed to him, could not take from defendant the timber so cut under the license without due compensation.

3. LOGS AND LOGGING ☞3(11)—DEFENDANT LICENSED TO CUT TIMBER HAD REASONABLE TIME FOR REMOVAL.

Where defendant cut timber on plaintiff's land under verbal license, so that title to such timber passed to him, despite time limit for removal attempted to be fixed by plaintiff, defendant had reasonable time in which to remove timber already cut when his license was revoked.

Appeal from Circuit Court, Jackson County; W. W. Haralson, Judge.

Action of assumpsit by W. L. Kirkpatrick against F. L. Sparkman. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

The original action was for an account for merchandise and goods sold to the amount of $55. The defendant pleaded by way of set-off that the plaintiff was indebted to the defendant for cross-ties, and extract wood to the amount of $300. There was no dispute about the correctness of plaintiff's account, and there was no dispute as

to the following facts: By verbal contract Kirkpatrick sold to Sparkman certain chestnut timbers, standing and down, on Kirkpatrick's land in Jackson county. Sparkman was to cut and split the timber and pay plaintiff for it at the rate of 50 cents per cord and he cut and shipped between 250 and 300 cords during the winter of 1916–17. In the summer of 1917 there was a controversy between them, but this controversy was adjusted by an agreement on Sparkman's part to increase the price to $1 per cord. In October, 1917, Kirkpatrick gave Sparkman notice to stop cutting any more timber, but agreed to give him until December 25, 1917 (Sparkman claiming the date to be January 1, 1918) to remove the timber already cut. Sparkman failed to get all the wood off, and Kirkpatrick would not consent to his moving the other, and appropriated about 50 cords to his own use. The same is true of certain cross-ties. Then defendant cut 97 cross-ties, which he did not move, and which plaintiff appropriated to his own use. The court rendered judgment for the amount of the account against Sparkman.

Bauldin & Wimberly, of Scottsboro, and J. L. Hackworth, of Bridgeport, for appellant.

The contract constituted a license to enter the land, and cut the timber and remove it, and when it was cut it became personal property, and title to it passed under the contract and could not be revoked. 146 Ala. 634, 41 South. 962; 20 Ala. 412; 149 Ala. 380, 42 South. 858, 9 L. R. A. (N. S.) 663, 123 Am. St. Rep. 58; 25 Cyc. 649, and note; 32 Cyc. 674, and note.

John B. Tally, of Scottsboro, for appellee. No brief reached the Reporter.

SAMFORD, J. [1-3] Under the facts of this case, the defendant had a verbal license to cut timber on the lands of plaintiff. This did not have the effect of conveying title to the standing timber. Colbey-Hinkley Co. v. Jordan, 146 Ala. 634, 41 South. 962. But as to the timber cut, the title passed to the defendant subject to the lien for stumpage as declared in Code 1907, § 4814 et seq. The plaintiff had no right to take the timber cut under the license without due process of law. Colbey-Hinkley Co. v. Jordan, 146 Ala. 634, 41 South. 962; Gibbs v. Wright, 5 Ala. App. 486, 57 South. 258; Fowler v. Ramsey, 65 Fla. 359, 61 South. 747; Indiana & A. Lbr. Co. v. Eldridge, 89 Ark. 361, 116 S. W. 1173; Griffin v. Anderson, etc., Co., 91 Ark. 292, 121 S. W. 297, 134 Am. St. Rep. 73; Mahan v. Clark, 219 Pa. 229, 68 Atl. 667, 12 Ann. Cas. 729. Notwithstanding the time limit attempted to be fixed by plaintiff, the defendant had a reasonable time in which to remove the timber already cut at the time the

license was revoked. Johnson v. Bumpus, 34 Pa. Super. Ct. 637; Johnson v. Truitt, 122 Ga. 327, 50 S. E. 135. To the same effect is the great weight of authority.

The court erred in rendering judgment for the plaintiff, and for that reason the cause must be reversed.

The judgment is reversed, and the cause is remanded.

Reversed and remanded.