PINE BLUFF IRON WORKS *v.* ARKANSAS FOUNDRY COMPANY.

4-2740

Opinion delivered November 21, 1932.

534

*Hooker & Hooker,* for appellant.

*Barber & Henry* and *Troy W. Lewis,* for appellee.

KIRBY, J., (after stating the facts). The case was tried by the court without the intervention of a jury, and without any special findings of facts requested or made or separate conclusions of law stated.

It is insisted that the court erred in treating the complaint as amended to conform to the proof, and that there is not sufficient evidence to support the judgment.

The suit was brought upon the theory of the sale of the materials by the appellee company directly to the appellant company, and the failure to pay the balance due therefor, and apparently decided upon the theory that appellant was the agent only of an undisclosed principal in making the sale of the materials to the Construction Company and in collecting and remitting the money due therefor, the complaint being amended, after the introduction of the proof without objection, to conform and correspond thereto.

If appellant was only the agent, as he claims to have been, in the sale and delivery of the materials to the contractor, he evidently regarded himself bound to the collection and remittance of the money due and received for the materials, and deposited the contractor's drafts and check paid therefor in his own bank to the credit of his

checking account, sending the amount due appellee company by his own check after taking out his commission, etc.

He received the check from the construction company for the balance due the Arkansas Foundry Company, together with the amount due him and his company, deposited it to his own credit in his bank, and sent his own check for the balance due for the materials furnished by the appellee company. This check was put in the bank here, forwarded to the bank at Pine Bluff for collection, and charged against appellant's account, but the bank failed and was taken over by the Bank Commissioner, who afterwards reversed the charge on the bank's books against appellant's account and returned the check unpaid. Appellant made out his claim for all his account in the failed bank, including the $600 not paid out on this check, which was returned to the payee and afterwards demanded by appellant company, and paid out of the two dividends received on the amount from the failed bank, $120, to appellee company for credit on its account.

Appellant need not have been considered a guarantor of the collection of the account and sale price of the materials delivered by him to the contractor, but, according to his own understanding, he was authorized to collect for the materials, and could, not, of course, accept other than money in payment therefor. The undisputed testimony shows that he deposited the money received for the materials in his own bank to his credit without anything to indicate that he received it on account of or for his principal, or anything to indicate that it was not his own money, and, having so deposited it, he became liable for the loss of it through the bank failure. Of course, if he had deposited it to his principal's credit or in such a manner as to indicate that it was not to his own personal account, such would not have been the case. *Darragh Company* v. *Goodman,* 124 Ark. 532, 187 S. W. 673, 31 Cyc. 1468 (f) ; see also 2 C. J. 742.

No error was committed by the court in allowing the complaint to be amended to conform to the proof intro-

duced without objection, since no new or different cause of action was stated thereby. *Griffin* v. *Anderson-Tully Co.*, 91 Ark. 292, 121 S. W. 297; *Shapleigh Hdw. Co.* v. *Hamilton*, 70 Ark. 319, 68 S. W. 490.

The original suit was on account for goods or materials sold and delivered to appellant, and the facts showed that the materials were delivered to appellant only as agent and by him sold to the Construction Company without disclosure of his principal and with authority to collect and remit the proceeds of the sale.

We find no error in the record, and the judgment is affirmed.