# Warrior Coal & Coke Co. v. Mabel Mining Co.

## *Action of Trespass.*

1. *Evidence; proof of market value.*—In an action of trespass for the mining of coal from the land of another, testimony as to the market value of coal during the time of the alleged trespass and the cost of mining, without designating the particular place of mining and marketing the coal, is inadmissible.

2. *Action of trespass; measure of damages.*—In an action of trespass to recover damages for the inadvertent removal of coal from the plaintiffs' lands, the measure of damages is the value of the coal as a part of the realty, and not as a chattel after its removal.

APPEAL from the Circuit Court of Jefferson.

Tried before the Hon. JOHN C. ANDERSON.

This was action of trespass brought by the appellant against the appellee, and was tried by the court without the intervention of a jury. The facts of the case are sufficiently· stated in the opinion. The plaintiff appeals, and assigns as error the rulings of the court upon the evidence, and the judgment rendered.

FRED. S. FERGUSON, for appellant.—1. When the defendant is an unintentional or mistaken trespasser, or his innocent vendee, the value at the time or conversion, less what the labor and expense of defendant and his vendor have added to its value, is the measure of damages. The case at bar comes under this rule. It was not contended or shown in the court below that appellee was a "knowing and willful trespasser," but it was clearly established that it was an "unintentional or mistaken trespasser." This being true, the testimony offered by appellant to show the cost of mining coal and the market value of coal at the time of the trespass, was admissible and the court erred in excluding it. No other method was available to the appellant to prove the amount of the damages to which it was entitled.—*Livingstone v.*

[Warrior Coal & Coke Co. v. Mabel Mining Co.]

*Rawyards Coal Co.*, 5 L. R. App. Cas. 35; *Wooden-Ware Co. v. United States*, 106 U. S. 432.

2. "When the injury consists in removing fixtures, cutting timber, etc., the measure of damages is the value of the property taken, and the injury done to the land by its removal."—5 Amer. & Eng. Encyc. of Law, 35; *Karst v. St. Paul, &c., R. R. Co.*, 22 Minn. 118; *Sturgis v. Warren*, 11 Vt. 433; *Kolb v. Bankhead*, 18 Tex. 229.

3. There is no decision of this court directly in point, but the Alabama cases as to the measure of damages for trespass to land and taking timber, etc., therefrom are similar, in principle, to the authorities above cited.—2 Brick. Dig. 295, § 775; 3 Brick. Dig. 475; *Snodgrass v. Reynolds*, 79 Ala. 452; *Fields v. Williams*, 91 Ala. 502; *Oswalt v. Smith*, 97 Ala. 627; *Harold Bros. v. Jones Bros.*, 97 Ala. 637.

No counsel marked as appearing for appellee.

HEAD, J.—This is an action of trespass to coal lands. The defendant, in working its own mine, inadvertently encroached upon the coal imbedded in the adjoining land of the plaintiff, and severed and carried away therefrom a large quantity of plaintiff's coal. The plaintiff proved these facts, and then offered testimony to show the market value of coal during the time this coal was mined, and the cost of mining, to the introduction of which testimony defendant objected, and the court sustained the objection, to which plaintiff excepted. It was not offered to prove the market value of coal at any particular place, so it was unknown to the court whether the value in, or at, the mine, or at the place where the coal was actually marketed, or elsewhere, was intended to be shown; and as the grounds of objection to the testimony are not stated, and indulging all presumptions in favor of the court's ruling, it may be assumed that this generality was a ground of objection, and being so, it was, of itself, sufficient to support the ruling. There was evidence to prove that coal lands similarly situated had been leased during the time of these trespasses, to-wit, during the years 1893 and 1894, at from five to seven and one-half cents, per ton, royalty. It was also shown that plaintiff had agreed to lease its said lands to one Harrison, at a royalty of ten

40

cents per ton on all the coal mined by him therefrom, but that when it was discovered, in August, 1894, that the coal was being mined, Harrison refused to take the lands under the lease.

The court, sitting without a jury, held that the measure of damages was seven and one-half cents, per ton, on the quantity of coal actually mined from plaintiff's land by defendant, and also on the coal left in the walls or pillars which was not mined, but made worthless by defendant, and rendered judgment for the plaintiff for the sum of $556.50 ; to which ruling and judgment the plaintiff excepted.

Inasmuch as the court awarded to the plaintiff all (if not more) that the only evidence which was introduced reasonably permitted ; and as no evidence was legally rejected which might have justified a larger assessment, the plaintiff cannot complain of the sum awarded, even though the rules of law for the admeasurement of damages, in cases of this kind, be as contended for by its counsel ; and affirmance of the judgment is a necessary result.

We call attention, however, to what we said in *White v. Yawkey*, 108 Ala. 270, in reference to the measure of damages where timber had been severed from the freehold by an inadvertent trespasser and converted, and the action was trover. We there noticed that, in our practice, different from that in many of our States, the common law distinguishing characteristics of the action of trespass, trover and detinue are fully maintained, and the principles governing the cause of action, and the rules for measuring damages, appropriate to the particular form of action pursued, are applied. In trespass to realty the measure of recovery is, where the trespass is inadvertent, the actual damage done to the land. If the trespass consisted of a severance of a part of the freehold from the rest, for instance growing timber or minerals, the value of the thing severed, while it constituted a part of the freehold, at the time of the severance, and not as a chattel after severance, may be regarded as a proper measure of recovery. For instance, a valuable shade tree, worth, as a chattel after severance, an insignificant sum, may have been of great value to the land while growing. The action of trespass to land treats of the damage to the land, and has no refer-

ence to chattels; hence in that action, the value of the shade tree to, and as a part of the land, would be recoverable, not limiting the plaintiff to its value as a chattel after severance. If, however, the action pursued be trover or detinue or trespass *de bonis asportatis*, for the conversion, detention or taking of the tree, it would be treated as a chattel and valued accordingly. In trover or trespass *de bonis*, where the thing converted or taken was severed from the freehold by the wrongdoer, the manner of the severance—whether intentional or otherwise—may be looked to, to determine the *animus* of the conversion or taking, justifying, or not, the imposition of more than actual damages. In this case the plaintiff, suing in trespass to the realty, was entitled to recover the amount of the damage actually done to the land. It was not proper, in such an action, to consider the coals taken as chattels, and to suffer a basis of their larger value as such. Their value *in situ*, and any other injury shown to have been done to the land, were as much as the plaintiff could lawfully demand, and this was accorded to it by the trial court.

There is a conflict in the decisions of the highest courts in this country, on this subject, but those which lay down other rules are where the distinctions in the several forms of action are not observed as they are with us.

Affirmed.