# Davis *v*. Miller-Brent Lumber Co.

## *Trespass to Land.*

(Decided July 2, 1907.  44 South. 639.)

1. *Appeal; Review; Harmless Error; Admission of Evidence.*—The measure of damages in an action quare clausum fregit is the damage done the land by the removal of the timber, or the difference in the value of the land before and after the trespass, and hence, a ruling by the court denying to plaintiff the proof of the present value of the timber estimated by the trees cut, while erroneous, is harmless in view of the fact that the court committed proof of the value of the timber removed at the time of the cutting, which was really more than the plaintiff was entitled to.

2. *Logs and Logging; Timber; License to Cut; Revocability.*—A license to cut timber founded on a valuable consideration and coupled with an interest is not revocable.

3. *Homestead; Conveyance of Timber; Acknowledgment by Wife.*—A separate acknowledgment by the wife is requisite to a deed conveying timber on lands belonging to the homestead, under section 2034, Code 1896.

4. *Evidence; Void Deed; Admissibility.*—A deed although void for the absence of the wife's separate acknowledgment, conveying timber rights on the homestead, which rights had expired, was admissible in explanation of a subsequent deed made by the husband and the wife ratifying and extending the original deed, the property then being the separate estate of the wife.

5. *Same; Variance in Name.*—Where the original deed is made to the H. L. B. Co. and the subsequent deed to the H. L. B. Lbr. Co., and the subsequent deed refers to the company under both names, the original deed was admissible in evidence in explanation of the subsequent deed, as it will be presumed that the same company was meant, notwithstanding the variance.

6. *Same.*—Where a deed conveying timber stated that it is understood that this deed is to be turned over to the H. L. B. Co., and should be an extension of the deed then held by the Company (the grantee having made a quit claim deed to the Company) such first named deed was admissible in evidence in an action against the Company for cutting the timber.

7. *Deeds; Construction.*—Where a deed was made to a grantee and his heirs, and contained a statement that it was understood that the deed should be turned over to a Company, such statement did not deprive the deed of its operation as a conveyance to the grantee; and when such grantee conveyed his interest to the Company mentioned in the other deed, it in effect, extended the Company's rights under such other deed.

[Davis v. Miller-Brent Lumber Co.]

8. *Trespass; Cutting Timber; Instructions.*—Where the pertinency of a deed mentioned in the charge depended upon a subsequent conveyance, and not upon its original validity, the court properly refused as misleading a charge which asserted that if a deed to the timber, given by plaintiff and her husband to defendant, to which a separate acknowledgment was not taken covered a homestead, it was void as a conveyance of any right to the timber, and the same would be a mere license, revocable at pleasure before defendant entered the land, etc.

9. *Trial; Instructions; Ignoring Issues.*—Where the defense was that defendant had bought the timber from plaintiff with the right to enter and cut, charges asserting that if defendant cut the timber and converted it, and plaintiff was in possession of the land, and before the trespass warned defendant not to enter, etc., plaintiff should recover are properly refused as ignoring the issues.

10. *Trespass; Instructions; Misleading.*—A charge asserting that a certain deed from plaintiff did not convey the legal title to the timber to defendant was properly refused as misleading, where there were other deeds from plaintiff to defendant to the timber.

11. *Trial; Instructions; Argumentative and Invasive of the Province of the Jury.*—Charges asserting that if the plaintiff could not read, the jury should more carefully scrutinize the transaction in which a deed to the timber to defendant was signed by plaintiff and her husband, and if false representations were made to her, as to the nature of the deed, and such representations were made with knowledge of their falsity, and plaintiff believed them to be true, the jury should find the deed was obtained by fraud, were properly refused as argumentative and invasive of the province of the jury.

12. *Same.*—Charges asserting that if defendant's employes entered upon plaintiff's land without her consent, she being in possession at the time, defendant was guilty of trespass, etc., were properly refused as ignoring some of the issues in the case.

APPEAL from Coffee Circuit Court.

Heard before Hon. H. A. PEARCE.

Action of trespass by J. E. Davis against the Miller Brent Lumber Company. From a judgment for defendant, plaintiff appeals. Affirmed.

The following charges were refused to plaintiff:

(1) The affirmative charge.

(2) "If the jury are reasonably satisfied from the evidence in this case that at the time the plaintiff and G. E. Davis, her husband, executed the instrument dated the 30th day of June, 1897, whereby she sold and conveyed to the H. L. Berry Company the right to enter upon and to cut and carry away the pine trees therein

named, the title to said land was in G. E. Davis, and that the said G. E. Davis and plaintiff, his wife, were residing upon said land as a homestead, then and in that event said instrument will be void as a conveyance of any right in said trees, and the same would be a mere license, which the said G. E. Davis had the right to revoke as his pleasure before the said company entered upon said land for the purpose of cutting said trees."

(3) )"I charge you, gentlemen of the jury, that under the undisputed evidence in this case the instrument executed by the plaintiff and her husband, G. E. Davis, on the 30th day of June, 1897, whereby they undertook to sell and convey to the H. L. Berry Company the right to enter upon said lands at any time within seven years from said date, was not a valid conveyance of any interest to said company of the trees growing upon the said land, but the same was a mere license, which the said G. E. Davis had the right to revoke at any time."

(4) "The instrument executed by the plaintiff and G. E. Davis, her husband, to the H. L. Berry Company, under the testimony in this case, was not a valid conveyance of any interest in the trees growing on said lands, but was a mere license, and the execution of the conveyance from G. E. Davis to plaintiff had the effect of revoking said license."

(5) "If the jury reasonably believe from the evidence in this case that the defendant entered upon the land described in the complaint during the time alleged therein, and cut the trees thereon, and converted the same to their own use, and that at said time plaintiff was in the possession of said land, and that before the defendant entered upon said land and cut the trees she or her agent warned defendant not to enter upon said land, your verdict will be for the plaintiff."

[Davis v. Miller-Brent Lumber Co.]

(6) "Whether or not the plaintiff and her husband executed the deed to W. M. Duvall introduced in evidence, if at the time defendants entered upon the said lands and cut said trees, if you are reasonably satisfied from the evidence that they did enter thereon and cut the trees, the plaintiff was in the actual possession of said lands, claiming them as her own, and before defendants entered on said land the plaintiff or her agent gave defendants notice not to enter upon said land, the defendants were guilty of a trespass in so entering upon said land and cutting said trees."

(7) "The jury are authorized to assess as damages the highest value of the trees, shown by the evidence in the case, cut by the defendant from said land at any time from the date of said cutting until the time of the trial, if you find for the plaintiff."

(9) "The court charges the jury that Duvall acquired no title to the timber trees upon plaintiff's land by the deed introduced in evidence, purporting to have been executed by the plaintiff and her husband to the said Duvall."

(10) "The court charges the jury that the instrument signed by G. E. Davis and J. E. Davis, dated the 17th day of February, 1902, to W. M. Duvall, which is in evidence, did not convey the legal title to the timber on plaintiff's land."

(10 1-2) "The court charges the jury that the instrument signed by G. E. Davis and the plaintiff, J. E. Davis, bearing date of February 17, 1902, which is in evidence, did not convey the legal title to the pine timber upon plaintiff's land to the H. L. Berry Company."

(13) "The court charges the jury that the H. L. Berry Company acquired no rights in the timber upon plaintiff's land, nor the right to enter upon her land, by the

instrument bearing date February 17, 1902, which is in evidence, to W. M. Duvall."

(15) "The court charges the jury that, if they are reasonably satisfied from the evidence in this case that the said J. E. Davis, the plaintiff, cannot read, on that account they should the more carefully scan and scrutinize the transaction in which said instrument was signed by her and her husband; and if they are also reasonably satisfied from the evidence that, at the time of or immediately before the same was signed, A. S. Douglass knowingly made false representations to her as to the nature of the instrument of a material nature, and said representations were made with knowledge by said Douglass of their falsity, and the plaintiff believed said representations to be true, and, so believing, signed said instrument, then and in that event you will find that said instrument was obtained by fraud."

(16) "If the jury are reasonably satisfied from the evidence in this case that the defendants entered upon the lands described in the complaint during the time allged in the complaint, and cut trees therefrom, and converted the same to their own use, and that at the time the plain tiff was in the possession of said land, and before the defendants entered thereon plaintiff's agent gave notice to the defendants' employes who entered thereon not to so enter upon the same, and they entered upon said land and cut said trees without plaintiff's permission and consent, then and in that event you would be authorized to find that the defendant committed a trespass in entering upon said land."

(18) "If the jury believe reasonably from the evidence in this case, that the defendants' employes entered upon the plaintiff's land without her consent and in violation of a notice not to do so, and plaintiff was in possession

of said land at the time, the defendants were guilty of a trespass."

(19) "The court charges the jury that the Miller Brent Lumber Company did not acquire any title to the treese on plaintiff's land described in the complaint by the deed in evidence from W. M. Duvall to it, dated 27th day of March, 1905."

J. F. SANDERS, for appellant.—There being evidence from which the jury might have inferred a willful trespass, the court erred in refusing to permit proof of the value of pine timber at the date of the trial.—*White v. Yawkey,* 108 Ala. 270; *C. & C. Co. v. Mabel Co.,* 112 Ala. 624. If the deed from Davis to Davis was a license coupled with an interest it was void because the conveyance of a part of the homestead.—*Colby-Hinckley v. Jordan,* 41 South. 962; *McGhce v. Wilson,* 111 Ala. 615; *Millikin v. Carmichael,* 134 Ala. 624; s. c. 139 Ala. 226. If it was not a license coupled with an interest, then it was not transferable.—18 A. & E. Ency. of Law, 1140. There was a variance between the two deeds, and the Berry Lumber Co. is not designated with sufficient certainty for it to take under the provisions of the deed.— *Dougless v. Branch Bank,* 19 Ala. 659; 9 A. & E. Ency. of Law, 132. A person cannot defend against an action q. e. f. by showing an outstanding title in another with which it is not connected.—*Higdon v. Kennemar,* 120 Ala. 193; *Syson Lbr. Co. v. Dickens,* 40 South. 753. The deed is also void for uncertainty as to whether or not it is referred to.—*Griffin v. Hall,* 111 Ala. 601; 115 Ala. 647; 114 Ala. 428; 101 Ala. 571. The affirmative charge should have been given.—*Garrett v. Sewell,* 108 Ala. 521. It should have been given also for the reason that timber was cut which was agreed not to be cut.—28 A. & E. Ency. of Law, 565; 164 Pa. St. 51; 127 N. C. 60; 17

N. Y. App. 110. Charges 2, 3 and 4 should have been given.—*Millikin v. Carmichael, supra; McGhee v. Wilson, supra; Colby-Hinckley v. Jordan, supra.* Charge 5, 6 and 7 should have been given.—*White v. Yawkey, supra; C. & C. Co. v. Mabel Co., supra.* On the above authorities the other charges requested should have been given.

W. O. MULKEY, for appellee.—The court did not err in refusing to exclude the first deed and in refusing charges 1, 2, 3, 4, and 13.—*Millikin v. Carmichael,* 139 Ala. 226. The plaintiff could not retain a benefit under the transaction even though fraud was perpetrated upon her and reject its burdens.—*Henderson Co. v. Boyett,* 126 Ala. 172. It follows that the other charges requested were properly refused.

SIMPSON, J.—This was an action of trespass to lands by cutting timber thereon. The plaintiff proved title in the lands and that the timber had been cut by the defendant in December, 1905, and January, 1906. The defendant claimed that in June, 1897, the plaintiff, with her husband, G. E. Davis, conveyed to defendant all the timber which could be cut in seven years, and that on February 17, 1902, plaintiff and her husband executed another paper extending the previous timber lease for two years. The lands originally belonged to said G. E. Davis, but he conveyed them to his said wife January 12, 1900.

The plaintiff asked the witness Douglass' "What is the present value of pine timber, estimating the same by the cubic foot?" to which defendant objected. The court sustained the objection, and ruled that it would confine plaintiff to proof of the value of the timber at the time of the cutting. While the ruling was erroneous it was

without injury, as its effect was to allow plaintiff more proof in that direction than he was entitled to. The only count in the complaint is for trespass quare clausum fregit, and not for trespass de bonis asportatis. Hence the value of the timber had nothing to do with it, but the measure of the damages was the injury to the land, or, in other words, the difference between the value of the land before and after the trespass.—*White v. Yawkey,* 108 Ala. 270, 274, 19 South. 360, 32 L. R. A. 199, 54 Am. St. Rep. 159; *Warrior Coal & Coke Co. v. Mabel Mining Co.,* 112 Ala. 624, 626, 20 South. 918; *Brinkmeyer et al. v. Bethea,* 139 Ala. 376, 378, 35 South. 996.

The defendant offered in evidence an instrument, which we construe to be a conveyance of all the "pitch pine trees" on the land in question which could be cut in seven years. Plaintiff claims that, at best, it was a mere license. Even if it was a license, it was for a valuable consideration and coupled with an interest, and would not be revocable. The case of *Colby-Hinkley Co. r. Jordan,* 146 Ala. 634, 41 South. 962, and the case of *Riddle r. Brown,* 20 Ala. 412, 56 Am. Dec. 202, on which it is based, rest upon the fact that the agreement was not in writing, so that, under the statute of frauds, it could not operate as a conveyance, and hence was only a revocable license.

This deed was dated June 30, 1897, was signed by said Davis and wife, and conveyed to the H. L. Berry Company, with the ordinary acknowledgment, but contained no separate acknowledgment by the wife, as required in conveyances of the homestead. The plaintiff objected to the introduction of this deed, first, because it conferred no right to enter upon the lands or cut the trees; second, because it was incompetent; third, illegal; and, fourth, immaterial and irrelevant—which objections the court overruled. What we have here said about the nature of

the instrument disposes of these objections, except that plaintiff claims that the deed was incompetent and illegal because the lands in question constituted the homestead of said J. E. Davis, and there was no separate acknowledgment by the wife, according to section 2034, Code 1896. The reason of the decision in the case of *Milliken & Co. v. Carmichael,* 139 Ala. 227, 35 South. 706, 101 Am. St. Rep. 49, which held that the husband could lease the turpentine rights without the wife's separate acknowledgment, was that the resin was considered the mere fruit or product of the tree, and not the tree itself. This court had previously held that a right of way could not be conveyed over the lands of the homestead without the separate acknowledgment by the wife. —*McGhee et al. v. Wilsos,* 111 Ala. 615, 20 South. 619, 56 Am. St. Rep. 72. We held again that a grant of the right to take ore from the land, whether called "royalty" or by any other name, was a conveyance of a part of the land, and that it must be executed accordingly.—*Brooks et al. v. Cook,* 141 Ala. 499, 38 South. 641. The Supreme Court of Mississippi has held that the growing trees are a part of the land, and that a sale of them is a sale of an interest in the land, and, being on the homestead, a conveyance thereof must be joined in by the wife, according to their statute.—*McKenzie v. Shows,* 70 Miss. 388, 391, 12 South. 336, 35 Am. St. Rep. 654. In fact, there is no controversy about the fact that growing trees are a part of the realty; and, as our statute secures the entire homestead to the use of the famliy, unless conveyed in the manner prescribed, we cannot see how a part of it could be carved out in any other way. So that, without more, this deed would have been inadmissible in evidence.

But the rights under this deed expired in 1904, unless extended, and the only object in introducing it was to

explain the deed made by Mrs. Davis and her husband to Duvall; the property then being her separate estate. By that deed they convey to Duvall all the pine timber on the land, and also certain turpentine privileges, for five years, and provide that the deed is to be turned over to the H. L. Berry Lumber Company, Duvall retaining the turpentine privileges; and it goes on to provide that "this deed is to be an extension of the deed that the H. L. Berry Company now holds." This deed ratified and extended the original deed.—*Milliken & Co. v. Carmichael & Flynt,* 134 Ala. 623, 625, 626, 33 South. 9, 92 Am. St. Rep. 45. At any rate, the cutting of timber occurred after the execution of said deed to Duvall.

There is no force in the objection that the first-named deed was not admissible, because the time limit therein had expired, and that the deed, subsequently introduced, to Duvall, does not refer to it, because this deed is made to the H. L. Berry Company, while the Duvall deed provides that it is to be turned over to the H. L. Berry Lumber Company. Said latter deed refers to said company under both names, the "H. L. Berry Lumber Company," and the "H. L. Berry Company," so that it would be a reasonable conclusion that the same party was referred to, notwithstanding the slight variance in its name. Besides, the conveyances in evidence show that it was at different times designated by both names.

It is admitted that the appellee is the Berry Lumber Company; its name having been changed to the Miller Brent Lumber Company. Said deed to Duvall conveyed to him all of the pine timber on the land, but states that "it is understood that this deed is to be turned over to the H. L. Berry Company," that Duvall is to retain the turpentine privilege, and "this deed is to be an extension of the deed that the H. L. Berry Company now holds." We do not know of any more appropriate way for Duvall

to comply with the instruction in the deed than to execute a quitclaim deed to the Berry Lumber Company. Hence the objections to that quitclaim deed are without merit.

While the deed of G. E. and J. E. Davis to W. M. Duvall is peculiar, yet it clearly conveys the timber to Duvall and his heirs and assigns, and the statement that it is understood that the deed is to be turned over to the Berry Lumber Company does not deprive the deed of its operation as a conveyance to Duvall, so that, when he conveyed his interest in the timber by quitclaim to said Berry Company, it did operate, in effect, to extend their rights in the timber for two years, and leave Duvall merely owner of the turpentine privilege. So there was no error in overruling the objections of the plaintiff to the introduction of said deed and quitclaim.

The question to the witness Bennett as to how far the railroad tracks of the Berry Lumber Company were from the lands was entirely irrelevant to any issue in this case, and the court cannot be placed in error for excluding the same. The same is true with regard to the question to the same witness as to whether he had endeavored to get an agreement from the plaintiff to extend the Berry lease.

There was no error in the refusal of the court to give the general charge in favor of the plaintiff.

Charges 2, 3, and 4 were misleading, as the pertinency of this deed depended on the subsequent conveyance, and not upon its original validity.

Charges 5 and 6 were properly refused, because they ignored the claim of the defendant that it had bought from plaintiff the timber on the land, with the right to enter and cut the same.

From what has been hereinbefore said with regard to the measure of damages in this case, it results that

[Davis v. Miller-Brent Lumber Co.]

charge 7, requested by the plaintiff, was properly refused.

From what has been heretofore said in regard to the deed of plaintiff to Duvall, it results that charge 9, requested by plaintiff, was properly refused.

Charge 10 was properly refused, as shown by what has been said in regard to the deed from plaintiffs to Duvall.

Charges 10 1-2 and 13 were misleading, as tending to make the impression on the jury that the deed referred to was the only basis of claim to the timber by the defendant.

Charge 15, requested by the plaintiff, was argumentative, and invaded the province of the jury. Consequently it was properly refused.

Charges 16 and 18, requested by the plaintiff, were properly refused, as they ignored entirely any rights which the defendant acquired under the deeds in evidence.

From what has been said about the Duvall deed and quitclaim, it is evident that charge 19, requested by the plaintiff, was properly refused. The charge was misleading.

The judgment of the court is affirmed.

TYSON, C. J., and HARALSON and DENSON, JJ., concur.