# Hardeman *v.* Williams.

## *Trespass to Realty.*

(Decided Nov. 24, 1910. 53 South. 794.)

1. *Trespass to Realty; Complaint.*—Where the complaint alleged a trespass upon the following property, a dwelling house in the possession of the plaintiff, (describing the house and giving the date) and for the taking out of said house the following personal property (describing it), it merely alleged a trespass to the realty, the allegation as to the carrying away of the personal property being merely an aggravation of the trespass, and hence, the count was not objectionable as joining trespass to realty, with one for trespass to personalty. And in so far as the count alleged the trespass to realty, it was sufficient because in accordance with the recognized form of allegation in such cases as well as following the form prescribed by the statute.

2. *Same; Personalty; Complaint.*—A count claiming damages for a trespass on the following goods and chattels in possession of the plaintiff (describing them) was not demurrable for failing to allege a wrongful taking, as the word "trespass" ordinarily signifies the unauthorized use of force against the person or property of another.

3. *Same; Instruction.*—Where one count of the complaint claimed trespass upon real property, and defendant's special plea set up that another claimed to own the articles taken which were at the time of the trespass in her possession in a room occupied by her in plaintiff's house, justifying the taking of such articles by defendant's agent under a license of a mortgage executed by such third person on the goods, and under a writ of procedure issued in detinue against such person to recover the goods with defendant's agent acting in aid of the officer in executing the writ, and the evidence tended to show that such person occupied the room in plaintiff's house and that the articles covered by the mortgage and taken by the defendant's agent belonged to the plaintiff, with certain exceptions, a charge asserting that if the jury believed the statements contained in the count, they should find for the plaintiff, unless defendant had shown that all the property taken by his agent belonged to such other person and not to the plaintiff, was erroneous as destroying the validity of the special defense predicated upon the possession of the other of the personalty taken, under a claim of ownership and not upon ownership in fact, as the question as to whether or not plaintiff was estopped to assert her ownership under all the circumstances, was one for the jury.

4. *Master and Servant; Liability for Acts of Servant; Extent.*—A master is responsible for the acts of his servant or agent done within the scope of his employment, and in the course thereof within the line of his duty, although the servant did his work by improper or unlawful means, or in a way not authorized by the employer and contrary to his expressed directions.

5. *Same; Instructions.*—In an action for assault and battery committed by the servant of a defendant, a charge asserting that the jury could not find for the plaintiff for the assault on her unless it was committed by the defendant's servant while such servant was actually engaged in the performance of the service for which he was employed, and unless the assault and battery was incident to the performance of his particular duties, was misleading in that it might be inferred therefrom that the defendant was not liable for the assault and battery committed by his servant unless the latter was employed for that particular purpose.

6. *Charge of Court; Covered by Those Given.*—A court will not be put in error for refusing a charge which has already been given in substance when construed in accordance with the law applicable to the case.

APPEAL from Mobile Circuit Court.

Heard before Hon. SAMUEL B. BROWNE.

Action by Sallie Williams against B. F. Hardeman, individually, and as doing business under the name of J. O. Bell. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

The first count is for assault and battery, as are the third and fourth. The fifth and sixth are for trespass to land. The other counts sufficiently appear in the opinion. The facts as they appear in the record are substantially as set out in the second appeal in this case.

The following charges were given at the instance of the plaintiff: (2) "The master can never escape liability for the abuse of authority by the servant, provided the acts were such as were incident to the performance of the duties intrusted to him by the master, even though in opposition to his express and positive order." (3) "The court charges the jury that if Sallie Williams was unlawfully assaulted, or caused to be unlawfully assaulted, by L. E. Myers, while said Myers was the agent of the defendant's husband, and if they further believe from the evidence that at such time said Myers was acting within the line of the business assigned him by the defendant, the jury must find a verdict for the

plaintiff." (7) "A master cannot screen himself from liability for an injury committed by his servant within the line of his employment, by setting up private instructions or orders given by him and their violation by the servant. By putting the servant in his place, he becomes responsible for all acts within the line of his employment, and in and about the business assigned to him by the master, although they are wilfully and directly antagonistic to his order." (8) "The master is liable for the act of his servant for all injuries to the person or property done or caused by the act of the servant, if the act which results in injury is done while acting within the scope of his employment in the master's service, and in and about the business assigned to him by the master, though the act was not necessary to the performance of the servant's duties, or was not expressly authorized by the master or known to him."

The following charges were refused to the defendant: (1) General affirmative charge for defendant. (2) Affirmative charge as to the count for assault and battery. (3) "The court charges the jury that they cannot find a verdict for the plaintiff for an assault and battery on her, unless they are reasonably satisfied from the evidence that the said Myers committed an assault and battery on the plaintiff, and that at the time the said assault and battery was committed the said Myers was actually engaged in the performance of the services for which he was employed, and that said assault and battery was incident to the performance of the particular duties of the said Myers' employment."

INGE & McCORVEY, for appellant. Count A was subject to the demurrer interposed because alleging both trespass to personalty and to realty.—*Henry v. Carlton* 113 Ala. 636. It was insufficient as a count for tres-

[Hardeman v. Williams.]

pass to personalty.—*Cook v. Thornton*, 109 Ala. 523; Form 23, p. 1199, Code 1907. The same argument is made as to Count E. The court erred in not excluding all of plaintiff's evidence.—*Lehman v. Shackelford*, 50 Ala. 437. Usury is a defense personal to the borrower. *Stevenson v. Alison*, 123 Ala. 439; *Johnson v. B. & L. Assn.*, 121 Ala. 524. The protection of process extends to the officer's assistants.—28 A. & E. Enc. of Law, 652. The defendant was not liable for assault and battery committed by either of the participants.—*Hardeman v. Williams*, 150 Ala. 415; *Palos C. & C. Co. v. Denson*, 39 So. 727; *B. W. W. Co. v. Hubbard*, 85 Ala. 179; *L. & N. v. Whitman*, 79 Ala. 328; *Steele v. May*, 135 Ala. 483; *Case v. Hulsebuch*, 122 Ala. 212; *Goodlow v. M. & C. R. R. Co.*, 107 Ala. 233; *Gillian v. S. & .N*, 70 Ala. 268; *A. G. S. v. Frazer*, 93 Ala. 45. On these authorities, it is insisted that the court erred in giving charges 1, 2, 3, and 4, at the instance of the plaintiff. Counsel discuss the charges refused to the defendant together with the oral charge of the court, and insist that on the authorities above cited, the court was in error.

C. W. TOMPKINS, for appellee. The court properly overruled the demurrers to the complaint.—*Henry v. Carlton*, 113 Ala. 633; *Smith v. Kauffmann*, 100 Ala. 408; *Pike v. Elliott*, 36 Ala. 69; Form 26, 1907. The court did not err in failing to exclude plaintiff's testimony.—*M. & O. R. R. Co. v. Seals*, 100 Ala. 368; *Case v. Hulsebush*, 122 Ala. 212; *Hardeman v. Williams*, 43 So. 726; *T. C. I. & R. R. Co. v. Williamson*, 51 So. 144; *Williams v. Hardeman*, 48 So. 108; *Garrett's Case*, 140 Ala. 563; *Holmes' Case*, 140 Ala. 208; *Mouton's Case*, 128 Ala. 537. Counsel discuss the charges given and refused, together with the oral charges of the court, and insists on the above authority that no prejudicial error intervened.

SAYRE, J.—We have heretofore had occasion to consider this case.—*Hardeman v. Williams,* 150 Ala. 415, 43 South. 726, 10 L. R. A. (N. S.) 653; 157 Ala. 422, 48 South. 108. The complaint which first came here counted upòn an assault and battery. When it was here last the complaint had been amended by adding counts A and B. On the last appeal nothing was considered but the propriety of the judgment of the circuit court setting aside a verdict which had been rendered on a second trial. The record proper has remained unchanged since then. The trial court had overruled demurrers to the added counts, and these rulings, along with others shown by the bill of exceptions, are now assigned for error.

Count A claimed damages "for trespass * * * (done by defendant) upon the following property: A dwelling house in the possession of the plaintiff (describing it), on or about the 14th day of April, 1904, and for taking out of said house the following personal property: One iron bedstead," etc. On the authority of *Henry v. Carlton,* 113 Ala. 636, 21 South. 225, it is argued that there is a joinder in this count of trespass to realty with trespass to personalty—two separate and distinct causes of action. In the case relied upon the fifth count of the complaint claimed damages "for trespass by the defendants on the following tract of land (describing it), and for assaulting and beating the plaintiff on or about the 15th day of September, 1906." The court had to say: "Each of the fifth and sixth counts of the complaint count upon a trespass upon land, and for assault and beating the plaintiff, etc. The defendants' demurrer raises the question as to whether the two claims as averred can be united in the same count. We are of the opinion that a plaintiff may aver a trespass upon land in a count for trespass upon the person, and re-

cover for both, when the averments are such as to show but one transaction. But when the count shows that damages are sought for a trespass upon the land and for a trespass upon the person, and the pleadings fail to show that they are of the same transaction, the two cannot be united in one count." Construing the count most strongly against the pleader, it was held that a demurrer taking the point should have been sustained. To distinguish this case from *Henry v. Carlton*, it will suffice to say that there two distinct wrongs were adequately declared on in one count, while here the averment in respect to taking away the personal property, dissociated from the averment of trespass to realty, is wholly insufficient to charge actionable wrong. The count fails to show that the property carried away was the property of plaintiff, or in the plaintiff's possession, or that the mere carrying away was wrongfully done. So, then, the merit of the count is to be found in its allegation of trespass to the realty, in which respect it was sufficient because it followed the Code form. There was no joinder of distinct and separate causes of action to render the count bad because they were not alleged to have arisen out of the same transaction. The allegation in respect to carrying away the household goods, at its best, or worst, can only be taken as the allegation of a fact circumstantial to and in aggravation of the trespass to realty which constitutes the gist of the action. Its office in the count was not questioned except by a demurrer which asserted that it stated a separate and distinct cause of action. This it did not, so that in passing upon the demurrer, it was properly ignored as mere surplussage. The count, in so far as it avers a trespass to realty, not only follows the Code form, but as a whole, follows approved precedent (2 Chit. Pl. 616), and was not defective as alleged in the demurrer. If the allega-

tion as to taking away the goods had been introduced by use of the customary words "and having so entered, did then and there," the count would have shown one transaction beyond cavil.

Count B claims damages "for a trespass * * * (by defendant) on the following goods and chattels in the possession of the plaintiff: One iron bedstead," etc. The ground of demurrer now insisted on is that the count failed to allege a wrongful taking. There is a sense of the word "trespass," which is here made to do service for the more specific terms employed in the Code form for trespass in taking goods, which comprehends not only wrongs done by direct and immediate force, but also wrongs which affect the plaintiff consequentially. Its ordinary signification, however, is that one has used unauthorized force against the person or property of another. Thus in the form for trespass to land the word "trespass" is allowed to stand for just as much as it does in this count. So it seems that, following a long line of decisions in analogous cases, which rest upon the theory that the defendant must be held to know what he has done and how he has done it better than the plaintiff (*Leach v. Bush*, 57 Ala. 145), when the property offended against and the plaintiff's property right therein are described in connection, an allegation that the defendant did commit a trespass on plaintiff's property must be permitted to stand as an adequate description of the wrong counted upon.

Appellant insists that he was entitled under the evidence to the general charge. On the facts as stated by Denson, J., on the first appeal it was held that the defendant was entitled to the general affirmative charge. On the second appeal it was said that the facts then appeared differently. On the facts as they now appear, the question of defendant's responsibility for an assault and

[Hardeman v. Williams.]

battery suffered by plaintiff at the hand of Myers, agent for defendant, was a question for the jury. The principal is responsible for the acts of his agent done within the scope of his employment, and in the accomplishment of objects within the line of his duties, though the agent seek to accomplish the master's business by improper or unlawful means, or in a way not authorized by the master, unknown to him, or even contrary to his express direction. The legal aspect of such a case is not changed because the agent superadds malice or other personal motive to his wrongful act. There is no question about the authority of Myers to recover the property for the plaintiff or that he went to plaintiff's house for that purpose. He went there to make the writ of seizure, the means adopted to recover the goods, effective by pointing out the property to the constable. The jury were at liberty to infer also that trouble was anticipated and that Myers and Falligant, both agents for the defendant, went with the constable to guarantee his safety and the execution of the writ no matter what the consequences might be to plaintiff. According to plaintiff's version of what occurred, she did interpose verbal objection, and according to the testimony of the constable, who was a witness for the defendant, she attempted to prevent the execution of the writ by physical force. The jury was free to find that defendant's agents went to the assistance of the constable and joined in the use of force and violence upon her person in order to overcome her opposition to the seizure and removal of the goods. There was no plea of justification in answer to the count which proceeded for an assault and battery. There was a denial only. On the evidence it was for the jury to say whether defendant's agent did assault and beat plaintiff, and whether in doing so he acted in the

execution, though improperly or unlawfully, of the authority intrusted to him by his master.

What has been said will serve, also, to show our conclusion that charges 2, 3, 7, and 8 were properly given on plaintiff's request, and that charges 1 and 2, refused to the defendant, were refused without error. Charge 3, refused to the defendant, was misleading in that the jury might have inferred from it that defendant was not to be held liable for an assault and battery committed by his agent unless the agent was employed for the purpose. The charge was by no means clear, as charges for the instruction of the jury should be. It was capable of a more or less doubtful interpretation which would have put it into accord with the principles of law obtaining in the case, but as so interpreted its substance in all particulars was more than once given to the jury in other instructions requested by the defendant. There was no error in refusing this charge.

The trial court instructed the jury, at plaintiff's request, as follows: "The court charges the jury if they are reasonably satisfied from the evidence of the truth of the statments contained in count A, then the jury must find a verdict for the plaintiff, unless the defendant has shown to the reasonable satisfaction of the jury, among other things, that all of the property taken, or caused to be taken, by L. E. Myers belonged to Larlie Williams, and not to the plaintiff." This was error. Count A, had nothing to say of either the ownership or the possession of the personal property therein mentioned as having been taken by the defendant's agent. The dwelling house, the subject of the alleged trespass to realty, is shown by the count to have been in the possession of the plaintiff, and the personal property is alleged to have been taken out of the house. This averment was by no means specific enough to exclude the

possession or ownership of the personal property by a person other than the parties to the present suit. In special pleas 4 and 5 defendant averred that one Larlie Williams claimed to own the articles taken, which were at the time of the alleged trespass in her possession in a room occupied by her in the plaintiff's dwelling house, and justified the entry and taking by his agent under a license contained in a mortgage of the goods executed by Larlie, and under a writ of seizure issued by competent authority in an action of detinue brought by defendant against Larlie for the recovery of the goods, defendant's agent acting then and there as an aid to the officer executing the writ. The evidence tended to show Larlie's occupancy of a room in plaintiff's dwelling house, and in one aspect that, while she owned the iron bedstead, the rest of the articles covered by the mortgage and taken by defendant's agent belonged to the plaintiff. Larlie's execution of the mortgage covering all the property was not denied. Construing the charge with reference to the pleading and the evidence, it destroyed the special defenses by reason of the fact that some of the articles were the property of the plaintiff, whereas the defenses—the sufficiency of which in this or any other respect is not here in question—were predicated, not upon Larlie's ownership, but upon her possession under a claim of ownership. Whether the possession was with plaintiff or Larlie, her daughter, was a question about which the evidence afforded contradictory inferences which were for the determination of the jury. It may be also that, notwithstanding her ownership in fact, plaintiff had estopped herself to deny Larlie's ownership.

Question is made about two or three other charges given at plaintiff's request, but it is hardly probable that they will recur in connection with just the plead-

ing and the evidence shown by this record, and we will not pursue the inquiry further.

We are of opinion that the judgment ought to be reversed, and it is so ordered.

Reversed and remanded.

DOWDELL, C. J., and ANDERSON and EVANS, JJ., concur.