# Wilkerson v. The State.

### Assault and Battery.

(Decided April 8, 1915.   68 South. 475.)

1. *Assault and Battery; Elements.*—In the absence of a legal right to do so, an attempt to gain possession of mules in which defendant laid hands on the prosecutor in a rude, rough or angry manner, and thrust her aside, constituted an assault and battery.

2. *Same; Excuse.*—The fact that defendant had possession of a mortgage on mules which were in possession of prosecutor, and that he was acting as the agent of another for the purpose of taking possession of them, could afford him no justification for committing an assault upon the prosecutor in an attempt to take the mules.

APPEAL from Houston Circuit Court.

Heard before Hon. H. A. PEARCE.

Alto Wilkerson was convicted of an assault and battery upon Cora Knight, and he appeals.   Affirmed.

No counsel marked for appellant.

W. L. MARTIN, Attorney General, for the State.

BROWN, J.—The defendant had no legal right to take the mules from the possession of the witness, Cora Knight, by force, and if, as the evidence offered by the state tends to show, defendant in order to gain possession of the mules, laid hands on the witness in a rude, rough, or angry manner and thrust her aside, he is guilty of an assault and battery.—*Jacobi v. State,* 133 Ala. 8, 32 South. 158; *Murdock v. State,* 65 Ala. 520.

The fact that the defendant had in his possession a mortgage on these mules and was acting as agent of another to take them, afforded no justification or excuse for committing a breach of the peace.   The law affords a remedy for the protection of private rights and ad-

[Ware v. The State.]

monishes all persons, who feel that their rights have been invaded, to seek relief through the remedies it affords. "The public peace is a superior consideration to any one man's private property; and if individuals were once allowed to use private force as a remedy for private injuries, all social justice must cease, the strong would give law to the weak, and every man would revert to a state of nature."—*Hendrix v. State,* 50 Ala. 148; *Ward v. State,* 28 Ala. 53.

The trial court ruled in accordance with these principles, and the judgment is affirmed.

Affirmed.