# *Ex parte* Bricken *v.* Sikes.

## *Damage to Property.*

(Decided June 17, 1915.   69 South. 425.)

*Appeal and Error; Harmless Error; Pleading.*—Where other counts stated the same cause of action, and alleged the same material facts, and no demurrer was sustained thereto, the sustaining of demurrers to similar counts was rendered harmless.

CERTIORARI to Court of Appeals.

Action by Frank B. Bricken against Short Sikes for damages for the destruction of property by fire.   Judgment for defendant and plantiff appeals to the Court of Appeals, where the judgment was affirmed.   See 14 Ala. App. and 68 South. 801.   Appellant now brings certiorari to review the judgment and decision of the Court of Appeals.   Writ denied.

POWELL & HAMILTON, for petitioner.

W. H. STODDARD, and BALL & SAMFORD, contra.

MAYFIELD, J.—Appellant sued appellee in case to recover damages for the loss of a horse, buggy, and harness. Appellee was a livery stable keeper, and plaintiff's horse, buggy, and harness were kpet by defendant for hire, and while being so kept they were destroyed by a fire which burned defendant's stable.   The amended complaint contained five counts.   Demurrer was sustained to counts 1, 4, and 5, and trial was had on counts 2 and 3.

It is insisted that there was error in sustaining demurrer to each of the counts 1, 4, and 5.   If so, it affirmatively appears that it was without possible injury, as counts 2 and 3 each stated the same cause of action and alleged the same material facts that were alleged in each

of counts 1, 4, and 5. While the verbiage is different, the material facts are the same in each. The plaintiff could prove anything under count 3 which he could prove under count 1, 4, or 5. If he could not prove count 3, he could not prove any one of the counts 1, 4, and 5. Counts 2 and 3 alleged negligence in the most general terms, which would have allowed proof of any particular negligence allowed in count 1, 4, or 5. In fact, the record shows that proof was offered and allowed as to each of these particular acts of negligence.

It would serve no good purpose to further review the rulings and decisions of the Court of Appeals. We find no reversible error, and no question of law decided erroneously or contrary to the decision of this court; and we cannot, on this application, review the action of the Court of Appeals as to its findings of facts. We have written as to rulings on demurrer, because appellant insists that the Court of Appeals declined to discuss the rulings. While we cannot concur in all that is said in the opinion, nor in all the reasons assigned for the rulings, we feel sure that the judgment appealed from was correctly affirmed.

Certiorari denied. All the Justices concur.