(80 South. 474)

FOUST v. KINNEY et al.   (6 Div. 760.)

(Supreme Court of Alabama.   Nov. 28, 1918.)

1. APPEAL AND ERROR ⊜══1040(4)—HARMLESS ERROR—RULING ON DEMURRER.

Sustaining demurrer to count of complaint as amended was harmless to plaintiff, where damages sought by count might have been shown and recovered under another.

2. TRESPASS ⊜══40(3) — PLEADING — STATUTORY COUNT.

Count of complaint for trespass to realty substantially in statutory form of Code 1907, § 5382, form 26, sufficiently describing location of trespass to prevent defendant from being left in doubt as to which of plaintiff's premises was invaded, *held* good against demurrer.

3. TRESPASS ⊜══10—ENTRY ON OTHER'S LAND.

Any entry on land of another without express or implied authority is a trespass to such realty, degree of force being immaterial, some force being implied from any unlawful entry as every man's land is surrounded at least by an ideal boundary.

4. TRESPASS ⊜══50—MEASURE OF DAMAGES TO REALTY.

In action for trespass and damages to realty, when injury was done to realty itself, measure of damages is difference between value of land before and after trespass, which is not rule when action is for negligence resulting in injury, such as destruction of growing crops, or a continuing trespass.

5. TRESPASS ⊜══56—PUNITIVE DAMAGES.

Punitive damages may lie for a malicious trespass to land intentionally and purposely committed in known violation of the owner's rights, or immediate right to possession, without lawful excuse or justification.

6. TRESPASS ⊜══57—NOMINAL DAMAGES.

Though no actual damage has resulted from trespass to realty, intrusion on possession entitles owner or party having right to immediate possession to nominal damages; there being no room for maxim, "De minimis non curat lex."

7. TRESPASS ⊜══10 — TAKING PERSONALTY FROM LAND.

Where defendant took colt from plaintiff's barn in a manner that was rude, wanton, insulting, or reckless, after being forbidden so to do by plaintiff's wife and son, he committed a trespass as to the realty.

Appeal from Circuit Court, Cullman County; O. Kyle, Judge.

Action by W. P. Foust against E. C. Kinney and others in detinue, trespass, and trover. From judgment for defendants, plaintiff appeals. Reversed and remanded.

The complaint is as follows:

(1) Five thousand dollars as damages for the wrongful taking of the following articles of personal property. * * *

(2) The plaintiff claims of the defendants the following personal property, * * * with the

value of the use and hire thereof during detention, viz. * * *

(3) Same as count 1, with this added averment: Plaintiff avers that said colt was taken from him by the defendants on or about the ——— day, * * * and that the taking of said colt was done in a rude, reckless, wanton, and insulting manner.

(4) Plaintiff claims of the defendant * * * damages for that whereas on, * * * while plaintiff was away from home, the defendants Bugg and Keller, acting for and under instructions from defendant Kinney, wrongfully took from plaintiff's barn, which was located upon his premises and near his residence in, * * * one iron gray colt.   Plaintiff avers that the said barn was in a lot or inclosure upon his premises and at or near his residence, and that the said defendants Bugg and Keller, over the objection and protest of plaintiff's wife and son, and after they had been warned and forbidden to do so, entered upon said inclosure, and opened the door of plaintiff's barn and took said colt.

(5) An amplification of count 4.

(6) Count in trover in usual form, with the added averment that the taking was done in a rude, reckless, wanton, and insulting manner.

(7) An amplification of count 4.

(8) Plaintiff claims of the defendants the like sum of ——— for the trespass committed by defendants on plaintiff's lands and premises situated in Cullman county, Ala., which trespass consisted in this: The said Bugg and Keller, acting for and under instructions of said defendant Kinney, in a rude, wanton, insulting, or reckless manner, after being forbidden to do so by plaintiff's wife and son, entered upon and into his barn, removed or took therefrom one iron gray colt.   And that said trespass to said lands and premises was committed on the. * * *

The demurrers were that the facts stated did not show a trespass to realty.   For all that appears, the trespass was with the consent of plaintiff.

Tennis Tidwell, of Albany, and Paine Denson, of Cullman, for appellant.

F. E. St. John and A. A. Griffith, both of Cullman, for appellees.

THOMAS, J.   The trial was had on several counts of the complaint, declaring in trover, detinue, and trespass to personal and real property.

The judgment entry recites that to counts 3, 4, 5, 7, and 8, as amended, demurrer was sustained; yet it also thereafter recites that count 4 was amended, and that issue was joined "on counts 1, 2, 3, 4, and 6 of the complaint as amended."   The effect of this recital is that such of the counts on which issue was joined were amended after demurrer had been theretofore sustained, yet the amendments (if made) to the amended counts to which demurrer was so sustained, or the original forms thereof (the one or the other), are not disclosed by the record.   As to such ruling on demurrer there is nothing for review.

[1] The ruling on demurrer to count 5 as amended was not reversible error, for the damages sought to be recovered by that count may have been shown and recovered under count 3; for this reason no injury resulted to the plaintiff. So, the damages sought by count 7 may have been shown under count 6. Ex parte Bricken v. Sikes, 194 Ala. 148, 69 South. 425.

[2, 3] The eighth count—trespass to realty—was substantially in statutory form. Code, § 5382, form 26, p. 1199; Travelers' Ins. Co. v. Whitman, 80 South. 470;[1] Hardeman v. Williams, 169 Ala. 50, 53 South. 794; 2 Chitty, Pl. 616. The locus in quo of the trespass was sufficiently described so as to prevent defendant from being left in doubt as to which of plaintiff's premises was trespassed upon. Bessemer Land & Imp. Co. v. Jenkins, 111 Ala. 135, 18 South. 565, 56 Am. St. Rep. 26; Elmore v. Fields, 153 Ala. 345, 45 South. 66, 127 Am. St. Rep. 31; Hardeman v. Williams, supra, 169 Ala. 56, 53 South. 794; Smith v. Jeffcoat, 196 Ala. 96, 71 South. 717. The demurrer does not take exception to the count for failure of averment (except by way of inference) that plaintiff was at the time in possession of the premises trespassed upon. O'Neal v. Simonton, 109 Ala. 167, 19 South. 412. Any entry on the land of another without express or implied authority is a trespass to such realty. Hall v. Alford, 114 Mich. 165, 72 N. W. 137, 38 L. R. A. 205; Ketcham v. Newman, 141 N. Y. 205, 36 N. E. 197, 24 L. R. A. 102; Norvell v. Gray's Lessee, 1 Swan (Tenn.) 96; Will's Gould on Pleading, 42. The degree of force is immaterial; it is implied from an unlawful entry upon the land (Agnew v. Jones, 74 Miss. 347, 23 South. 25; Febes v. Tiernan, 1 Mont. 179), since, in contemplation of law, every man's land is surrounded, if not by a visible and material inclosure, by an ideal boundary (Wood v. Snider, 187 N. Y. 28, 79 N. E. 858, 12 L. R. A. [N. S.] 912; Bileu v. Paisley, 18 Or. 47, 21 Pac. 934, 4 L. R. A. 840; 3 Black. Com. 209).

[4] The cases cited by appellee, that the measure of damage is the actual damage done, are without application to the facts averred. White v. Yawkey, 108 Ala. 270, 19 South. 360, 32 L. R. A. 199, 54 Am. St. Rep. 159; Warrior Coal Co. v. Mabel Min. Co., 112 Ala. 624, 20 South. 918; Basely v. Clarkson, 3 Levinz, 37 (Eng.). When the action is for a trespass to recover damages to real property, when the injury is done to the realty itself, the damage is measured by the difference between the value of the land before and after the trespass. Brinkmeyer v. Bethea, 139 Ala. 376, 35 South. 996; Davis v. Miller-Brent Lumber Co., 151 Ala. 580, 587, 44 South. 639; Gosdin v. Williams, 151 Ala. 592, 44 South. 611; Sou. Ry. Co. v. Cleveland, 169 Ala. 22, 26, 53 South. 767. This is not the rule when the action is for negligence resulting in injury to lands, such as destruction of growing crops (A. & B. A. L. R. Co. v. Brown, 158 Ala. 607, 614, 615, 48 South. 73; Warrior Coal & C. Co. v. Mabel Min. Co., supra), or for a continuing trespass to realty (Abercrombie v. Windham, 127 Ala. 179, 182, 28 South. 387; A. & B. A. L. R. Co. v. Brown, supra).

[5] Punitive damages may lie for a malicious trespass to lands; that is, for a trespass upon the real property of another, intentionally and purposely committed, in known violation of the owner's rights or immediate right to the possession, and without lawful excuse or justification. Such a trespass may warrant the finding that the same was maliciously done. Southern Ry. Co. v. McEntire, 169 Ala. 42, 53 South. 158; Hicks Bros. v. Swift Creek Mill Co., 133 Ala. 411, 31 South. 947, 57 L. R. A. 720, 91 Am. St. Rep. 38; L. & N. R. R. Co. v. Smith, 141 Ala. 335, 342, 37 South. 490; Wills v. Noyes, 12 Pick. (Mass.) 324; 4 Sutherland on Damages (4th Ed.) § 1031; 19 Am. & Eng. Ency. of Law, 62; 2 Jaggard on Torts, p. 395. Punitive damages have been awarded in cases where the tort was attended with sufficient circumstances of aggravation. Howton v. Mathias, 197 Ala. 457, 464, 465, 73 South. 92; Birmingham Waterworks Co. v. Brooks, 16 Ala. App. 209, 76 South. 515, 517, and authorities collected.

[6] As to the right of nominal damages to realty where no actual damage has resulted from the trespass, as for putting a fence or letting it stay on the land of another, or the ploughing up and cultivating the land of another, though the land be improved thereby, it has been held to be such an intrusion upon the possession that entitled owner or party having the right to the immediate possession to nominal damages. Ashby v. White, 2 Ld. Raym. 938; 1 Salk. 19; 1 Smith's Lead. Cas. 268; Blafield v. Payne, 4 Barn. & Adol. 410; Bower v. Hill, 1 Bing. New Rep. 549; Appleton v. Fullerton, 1 Gray (Mass.) 186; 1 Jaggard on Torts, 81, 82, 86; 2 Jaggard on Torts, 690; 1 Cooley on Torts, 84 (67); 2 M. A. L. 559 et seq. The right of recovery in such actions for trespass rests on the fact that "the right has been injured" and that there is no room for the maxim, "De minimis non curat lex." Hobson v. Todd, 4 T. R. 71; Clifton v. Hooper, 6 Q. B. 468. See, also, Pfeiffer v. Grossman, 15 Ill. 53; Chambers v. Bedell, 2 Watts & S. (Pa.) 225, 37 Am. Dec. 508. In Pfeiffer v. Grossman, supra, it is said that every unauthorized entry on the lands of another is an actionable trespass; that—

"The law implies damage to the owner, and, in the absence of proof as to the extent of the injury, he is entitled to recover nominal damages. Especially is this the case, where the suit is brought for the purpose of settling a question of right."

[1] Ante, p. 388.

Chief Justice Shaw said:

"If, for instance, the defendants used the land, for a right not granted, as for a place of deposit of goods, it was a violation of the right of the plaintiff as owner, it was in law a trespass, and, though the plaintiff sustained no actual or appreciable damages, still he was entitled to maintain the action, and have a verdict for nominal damages." Appleton v. Fullerton, 1 Gray (Mass.) 186, 194.

It was declared to be a trespass to enter upon the land of another without his consent to take one's own personal property in Agnew v. Jones, supra, 74 Miss. 352, 23 South. 25. See, also, Heermance v. Vernoy, 6 Johns. (N. Y.) 5; Blake v. Jerome, 14 Johns. (N. Y.) 406; Newkirk v. Sabler, 9 Barb. (N. Y.) 652.

[7] The instant parties had the right to have litigated the title or the right of possession to the property on plaintiff's lands, and not to have it taken by defendant in a manner that was "rude, wanton, insulting, or reckless, * * * after being forbidden to do so, by plaintiff's wife and minor son" —a taking well calculated to provoke a breach of the peace. Watson v. Scarborough, 147 Ala. 689, 40 South. 672; Wilkerson v. State, 12 Ala. App. 100, 68 South. 475.

There was reversible error in sustaining demurrer to the eighth count of the complaint on the grounds assigned.

The other questions reserved are not necessary for discussion, as they may not arise on another trial.

The judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

SAYRE, SOMERVILLE, and GARDNER, JJ., concur.