Central Parking System of Alabama, Inc. ("Central Parking"), the defendant in a personal injury/premises liability action, appeals from a judgment for the plaintiff. We affirm.
Laura Y. Steen, a groundskeeper employed by the Adam's Mark Hotel, sued Central Parking and Kenneth Moody, an employee of Central Parking, alleging that Central Parking and Moody had negligently or wantonly allowed a large, wooden, ladder-like object to fall from the third floor of a parking garage and strike her as she walked on the ground between the hotel building and the Central Parking garage. The defendant Moody was voluntarily dismissed before trial. At the close of Steen's evidence, Central Parking moved for a directed verdict as to both the negligence count and the wantonness count. The trial court directed a verdict for Central Parking as to the wantonness count, but denied a directed verdict as to the negligence count. The jury returned a verdict in Steen's favor, awarding her $260,000 in damages. The court entered a judgment on the verdict. Central Parking moved for a judgment notwithstanding the verdict, which the trial court denied. Central Parking appealed, challenging the denial of its motions for a directed verdict and a judgment notwithstanding the verdict.
 I.
This Court recognizes:
 " 'The standard of review applicable to a directed verdict or to a denial of a motion for a directed verdict is whether the non-moving party has presented substantial evidence in support of his position. If he has not, then a directed verdict is proper. A verdict is properly directed only where there is a complete absence of proof on a material issue or where there are no disputed questions of fact for the jury to determine. Moreover, whether to direct a verdict is not a matter within the discretion of the trial court; on review no presumption of correctness attaches to such a ruling.' "
Ricketts v. Norfolk Southern Ry., 686 So.2d 1100, 1103
(Ala. 1996) (quoting K.S. v. Carr, 618 So.2d 707, 713
(Ala. 1993)) (citations omitted). In determining whether Steen presented substantial evidence to establish that she was a licensee on Central Parking's property, "this Court must view all the evidence in a light most favorable to [Steen] and must entertain such reasonable evidentiary inferences as the jury would be free to draw." Carter v. Henderson, 598 So.2d 1350,1353 (Ala. 1992).
Steen began working for the Adam's Mark Hotel in May 1995 as a grounds-maintenance employee. Her duties included picking up trash, turning on the sprinkler systems in various places on the grounds, planting flowers, changing the flower beds, etc. The Adam's Mark Hotel building is located directly along the hotel owner's property line; the parcel of land beside the hotel property is owned by the City of Mobile. Located on that land is a parking garage managed by Central Parking. The area between the hotel building and the neighboring parking garage is an alleyway; the alleyway is on the land owned by the City of Mobile and controlled by Central Parking. The Adam's *Page 228 
Mark Hotel building services division had built a gate in front of the alleyway three or four months before this accident occurred. Steen had the only key to the gate, and she went back and forth through the gate four or five times a day, as part of her job. Steen used this area to store her plants, soil bags, and tools, including her wheelbarrow. Many of the flowers were brightly colored, and the materials were otherwise clearly visible.
The accident occurred on November 28, 1995, in the alleyway. Moody's supervisor at Central Parking asked him to remove and disassemble the wooden object, which was located on the third floor of the parking garage. Moody lifted the object and placed one end of it on the rail of the parking garage. Moody then took a step forward; his stepping shifted the weight of the object and caused him to lose control of it. The object fell off the rail. Moody yelled, then looked down and saw Steen lying on the ground; she had been hit by the falling object. As a result of this accident, Steen suffered multiple injuries, including dental problems, recurring headaches, a 50% vocational loss, a 10% impairment in the right shoulder, and a 5% neck impairment. Moody had never previously seen anyone in the area where the object landed and had no knowledge that it was open to the public.
The only issue before the jury was whether Steen had Central Parking's implied permission to be in the alleyway when she was injured; if so, then she was a licensee rather than a trespasser. Central Parking contends that the trial court committed reversible error in failing to rule that Steen was a trespasser, as a matter of law, and in denying its motions for a directed verdict and a judgment notwithstanding the verdict based on that argument.
 II.
Central Parking argues that Steen was a trespasser, as a matter of law, and, therefore, that the trial court should have granted its motion for a directed verdict or, later, its motion for a judgment notwithstanding the verdict. "Trespass" has been defined as "[a]ny entry on the land of another without express or implied authority." Foust v. Kinney, 202 Ala. 392, 393,80 So. 474, 475 (1918). Thus, if Steen had Central Parking's implied authority to be in the alleyway, then she was not a trespasser but was a licensee. The term "licensee" has been defined by this Court as "a person who visits a landowner's property with the landowner's consent or as the landowner's guest but with no business purpose." Hambright v. First BaptistChurch-Eastwood, 638 So.2d 865, 868 (Ala. 1994). A landowner owes a licensee the duty "to abstain from willfully or wantonly injuring the licensee and to avoid negligently injuring the licensee after the landowner discovers a danger to the licensee." Hambright, 638 So.2d at 868.
After reviewing the evidence, we find it clear that Steen presented substantial evidence creating a question of fact for the jury as to whether Central Parking had acquiesced to Steen's presence, thereby granting her implied authority to be on the premises and making her a licensee. In particular, the record includes color photographs of the area showing the quantity of plants and materials Steen had stored in the alleyway; the trial judge aptly remarked that "everybody but a blind man would have had to know that somebody was using that area back there. . . . [It is] my impression that there is substantial evidence in the record that the defendant knew or should have known that somebody was stirring around back there. . . ."
 III.
The trial court correctly denied Central Parking's motions for a directed verdict and a judgment notwithstanding the verdict. The judgment of the trial court is affirmed.
AFFIRMED.
MADDOX, ALMON, SHORES, HOUSTON, KENNEDY, COOK, and SEE, JJ., concur.
HOOPER, C.J., concurs in the result. *Page 229